```
 1              IN THE UNITED STATES DISTRICT COURT

 2             FOR THE SOUTHERN DISTRICT OF TEXAS

 3                      HOUSTON DIVISION

 4   UNITED STATES OF AMERICA

 5

 6                                        February 16, 2023
     V.                                   Houston, Texas
 7                                        1:09:56 p.m.

 8   STEFAN HRVATIN,                      4:22-cr-612-5
     TOM COOPERMAN,                       4:22-cr-612-6
 9   MITCHELL HENNESSEY                   4:22-cr-612-7

10

11              ARRAIGNMENTS / MOTIONS HEARING

12        BEFORE THE HONORABLE DENA HANOVICE PALERMO

13             UNITED STATES MAGISTRATE JUDGE

14   APPEARANCES:

15
     For the United States        Thomas Carter, AUSA
16                                United States Attorney's Office
                                  1000 Louisiana
17                                Suite 2300
                                  Houston, Texas 77010
18
     For Defendant Hrvatin        Edward Mallett
19                                Mallett Saper Berg, LLP
                                  4306 Yoakum Boulevard
20                                Suite 400
                                  Houston, Texas 77006
21
     For Defendant Cooperman      Sina M. Zadeh
22                                Sina Zadeh Law Firm
                                  1001 McKinney Street
23                                Suite 803
                                  Houston, Texas 77002
24

25   Proceedings from official electronic sound recording;
     transcript produced by court approved transcriber.
```

DIGITAL SCROLL TRANSCRIPTION                    281.382.9862

```
 1   For Defendant Hennessey         Laura M. Kidd Cordova
                                     Jackson Walker, LLP
 2                                   1401 McKinney Street
                                     Suite 1900
 3                                   Houston, Texas 77010

 4                                   Michael J. Murtha
                                     Jackson Walker, LLP
 5                                   2323 Ross Avenue
                                     Suite 600
 6                                   Dallas, Texas 75201

 7   Case Manager                    Carol Felchak

 8
     Electronic Recording            Mayra M. Marquez
 9     Operator                      United States District Clerk's
                                       Office
10                                   515 Rusk
                                     Houston, Texas 77002
11
     Also Present                    Darryl Austin, AFPD
12                                   Ike Okorafor, AFPD
                                     Assistant Federal Public
13                                     Defenders
                                     440 Louisiana
14                                   Suite 1350
                                     Houston, Texas 77002
15
                                     Bradley Woermke, USPO
16                                   United States Probation Office

17

18

19

20

21

22

23

24

25
```

1              THE COURT:  Good afternoon, everybody.

2                  I call the United States of America versus

3    Stefan Hrvatin, Tom Cooperman and Mitchell Hennessey,

4    Case No. 4:22-cr-612.

5                  Can I have the appearances of counsel for the

6    record?

7              MR. CARTER:  Thomas Carter for the Government, Your

8    Honor.

9              MR. ZADEH:  Sina Zadeh for Tom Cooperman, Your Honor.

10             MS. CORDOVA:  Your Honor, I believe Mr. Mallett is

11   muted there.

12             THE COURT:  Okay.  Who is counsel for Mr. Hrvatin?

13             MR. MALLETT:  I am here.

14             THE COURT:  Who is that on?

15             MR. MALLETT:  Edward Mallett.  I was – I was muted.

16   She's right.  I'm sorry.

17             THE COURT:  Okay.  That's fine.

18                  And then, who is counsel for Mr. Hennessey?

19             MS. CORDOVA:  Good afternoon, Your Honor.

20                  Laura Cordova and Michael Murtha on behalf of

21   Mr. Hennessey.

22             THE COURT:  Thank you.

23                  Okay.  So, let's start with the very easy stuff.

24   I always like to start with the easy stuff.

25                  We'll do the Arraignment first.  Okay?

1                    So, I see Mr. Hrvatin – am I saying the name

2  wrong, I'm sure?

3           DEFENDANT HRVATIN:  Hrvatin, Your Honor.

4           THE COURT:  Hrvatin, okay.

5                    Thank you.

6                    Okay.  So, Mr. Hrvatin, I see you.

7                    Mr. Cooperman, where are you?

8           DEFENDANT COOPERMAN:  Right here, Your Honor – in

9  front of you.

10           THE COURT:  Oh, right behind you.

11                    Okay.  Got that.

12                    And then, Mr. Hennessey, where are you?

13           DEFENDANT HENNESSEY:  Hi, Your Hon- -- hi, Your

14  Honor.

15           THE COURT:  Okay.  Got you over there.

16                    All right.  Perfect.  All right.

17                    So, first I need all three of you to agree to

18  appear by video.  You are appearing by video from various

19  places, as is everybody else on this call, because of the

20  Pandemic.

21                    So, do each of you agree to go forward with this

22  appearance by video?

23                    Mr. Hrvatin?

24           DEFENDANT HRVATIN:  I do, Your Honor.

25           THE COURT:  Mr. Cooperman?

1          DEFENDANT COOPERMAN:  Yes, Your Honor.

2          THE COURT:  And, Mr. Hennessey?

3          DEFENDANT HENNESSEY:  Yes, Your Honor.

4          THE COURT:  Okay.

5          Let the record reflect that all three have

6    agreed to go forward by video?

7          All right.  So, do - do counsel waive the formal

8    reading of the charges?

9          MR. MALLETT:  We do, Your Honor.

10          MR. ZADEH:  We do, Your Honor.

11          MS. CORDOVA:  Yes, Your Honor.

12          THE COURT:  Thank you.

13          Okay.  So, this is a Superseding Indictment.

14          So, Mr. Carter, can you just summarize for us

15    what the new charges are and what the penalty range is for

16    those charges?

17          MR. CARTER:  Thank you, Your Honor.

18          For the Superseding Indictment, all of the

19    additional charges are substantive Counts.  They all carry the

20    same punishment range, which is up to 25 years of

21    incarceration in the Bureau of Prisons, up to a $250,000 fine

22    or twice the gain or loss of the particular charge and up to

23    five years of supervised release following the incarceration

24    and a one hundred-dollar special assessment for each Count of

25    conviction.

1          THE COURT:  Okay.  And what are – and the substantive

2    charges are?

3          MR. CARTER:  Yes, Your Honor.

4          THE COURT:  And will it apply as to each Defendant or

5    only to particular Defendants?

6          MR. CARTER:  Mr. Hrvatin has – received no new

7    charges.  So, his charges remain the same.  The punishment

8    range remains the same for Mr. Hrvatin as well.

9          Mr. Cooperman has additional charges in the

10   Superseding Indictment, specifically, Count 16, referencing

11   ticker symbol NAKD; Count 17, referencing ticker symbol EZFL

12   and Count 19, referencing ticker symbol, star ticker symbol

13   PIXY.

14          For Mr. Cooperman – I'm sorry, Mr. Hennessey –

15   he has three additional charges in the Superseding Indictment

16   that were not included originally in the original Indictment.

17          They are Count No. 8, referencing the ticker

18   symbol RGLS; Count No. 9, referencing a different timeframe on

19   the same ticker symbol RGLS; in Count No. 11, referencing

20   ticker symbol ALZN.

21          THE COURT:  Okay.

22          Thank you for that.

23          All right.  So, starting with Mr. Hrvatin, have

24   you had a chance to discuss these new charges against you with

25   your attorney?

1          DEFENDANT HRVATIN:  I have, yes, Your Honor.

2          THE COURT:  And do you understand the charges?

3          DEFENDANT HRVATIN:  I do.  Yes, Your Honor.

4          THE COURT:  And the penalties?

5          DEFENDANT HRVATIN:  Yes, Your Honor.

6          THE COURT:  Okay.

7              So, how do you plead to the Superseding

8  Indictment?

9          DEFENDANT HRVATIN:  Not guilty.

10         THE COURT:  Okay.  A not guilty plea has been entered

11 on your behalf.

12             Mr. Cooperman, have you had a chance to discuss

13 these new charges against you with your attorney?

14         DEFENDANT COOPERMAN:  Yes, Your Honor.

15         THE COURT:  And you understand the charges?

16         DEFENDANT COOPERMAN:  Yes, Your Honor.

17         THE COURT:  And you understand the penalties?

18         DEFENDANT COOPERMAN:  Yes, Your Honor.

19         THE COURT:  How do you plead to the Superseding

20 Indictment?  Guilty or not guilty?

21         DEFENDANT COOPERMAN:  Not guilty.

22             Not guilty, Your Honor.

23         THE COURT:  All right.  A not guilty plea has been

24 entered on your behalf.

25

1                 Mr. Hennessey, you've had a chance to discuss

2     the new charges against you with your attorney?

3                 DEFENDANT HENNESSEY:  Yes, Your Honor.

4                 THE COURT:  And you understand the charges?

5                 DEFENDANT HENNESSEY:  Yes, Your Honor.

6                 THE COURT:  And you understand the penalty ranges?

7                 DEFENDANT HENNESSEY:  Yes, Your Honor.

8                 THE COURT:  So, how do you plead to the Superseding

9     Indictment?  Guilty or not guilty?

10                DEFENDANT COOPERMAN:  Not guilty, Your Honor.

11                THE COURT:  Okay.  A not guilty plea has been entered

12    on your behalf.

13                And, Mr. Hrvatin, no new charges have been

14    brought against you, but it is a Superseding Indictment, and

15    you – you do understand everything that's been brought?

16                DEFENDANT HRVATIN:  Yes, Your Honor.

17                THE COURT:  Okay.

18                Thank you so much for that.

19                DEFENDANT HRVATIN:  Uh-huh.

20                THE COURT:  All right.  So, the – we have a

21    Scheduling Order that's in place in this case in front of

22    Judge Hanen.  It's still in front of Judge Hanen.  It's still

23    set for trial on October 23rd, 2023.  Okay?

24                So, we're good on that?

25                MS. CORDOVA:  Your Honor, I would just note that

1  since the Initial Arraignment for Mr. Hennessey, Mr. Hennessey

2  has filed a motion to assert his Speedy Trial rights.  That

3  is currently pending in front of Judge Hanen.

4          THE COURT:  Yeah.  Okay.

5                Well, Mr. Hennessey's motion will be taken up by

6  Judge Hanen.  Okay.

7                So, for today's hearing, in addition to the

8  Arraignment, we have multiple – multiple motions.  And let me

9  just get to the – this part.

10                Okay.

11                So, I'm going to start again with the easy one,

12  and that's Mr. Hrvatin's motion to amend the conditions of his

13  release.  And the Government does not oppose that; is that

14  correct?

15          MR. CARTER:  We do not oppose it in the sense that it

16  is amending his conditions that he must be under home

17  confinement.  That's not a federal requirement for any of the

18  Defendants.

19          THE COURT:  Okay.  So, he will continue to be on the

20  GPS monitor but not in home confinement.  Is that – that's my

21  understanding of what the – what the motion is asking for and

22  that the Government is not opposing it.

23                Am I stating that correctly, Mr. Mallett?

24          MR. MALLETT:  That's correct, Your Honor.

25          THE COURT:  Okay?

1              So, that bond condition will be modified.

2              Do we have a copy of his current bond

3     conditions?

4              Do I have one?

5         MR. MALLETT:  I have a copy, and I believe his

6     current bond conditions are likely in PACER.  I attached an

7     order, a proposed order as Document 113-1 –

8         THE COURT:  Yes.

9         MR. MALLETT:  -- to the Motion to Modify.

10        THE COURT:  I got that.

11        MR. MALLETT:  Okay?

12        THE COURT:  And – and the motion I'll – I will grant

13    your motion.  However, what I like to do is have a single

14    document that says all the conditions of release so that

15    nobody is confused.  So, what we will do is we will enter an

16    amended conditions of release, using our typical form so that

17    it will be in conformity with all the other ones that have

18    been entered in this district.

19             And so, if you – Mr. Mallett, if you want to

20    take my normal conditions of release form and mark it up the

21    way that you think it should be marked in accordance with the

22    current conditions, submit that to Mr. Carter and then submit

23    it to me, I will enter it.  Okay?

24        MR. MALLETT:  And I believe that Ms. Felchak can help

25    me get a copy of yours so that I –

 1          THE COURT:  I will send one to you right away.  Yes,

 2  sir.

 3          MR. MALLETT:  Thank you, Judge.  Thanks.

 4          CASE MANAGER:  And I will send one to all the

 5  attorneys after this hearing, Judge.

 6          THE COURT:  Okay.

 7               That sounds great.

 8               All right.  So, I think that takes care of

 9  Mr. Hrvatin.  So, you're excused.

10          DEFENDANT HRVATIN:  Thank you, Your Honor.

11          THE COURT:  Thank you.

12               Mr. Mallett, You're excused.

13               Thank you.

14               All right.  Now, the second easiest one.

15               This is how I told my children to do their

16  homework, start with the easiest stuff first.  This way it

17  makes you feel like you're accomplishing something.

18               All right.  So, we've gotten done with one, now,

19  let's go to the next.

20               Mr. Cooperman.

21               Okay.  You're asking to travel to Lafayette,

22  Louisiana and to Cancun, Mexico.  I have absolutely no problem

23  with Lafayette, Louisiana.  I have complete agida over Cancun,

24  Mexico.  And has the Government –

25               I don't see a Government response to this.

1          Mr. Carter, have you filed a response to this
2     motion?
3          MR. CARTER:  Your Honor, we have, and it's – I want
4     to say off the top of my head it's Docket No. 132, but I'll
5     check that for you.  I've also forwarded it to Ms. Felchak, so
6     she might have one in her In box.
7          THE COURT:  Carol, can you put that in my file,
8     please?
9          MR. CARTER:  In a nutshell, we have the same agida as
10    the Court, and we're not – we are not opposed to him going to
11    Lafayette.
12         MR. ZADEH:  And, Your Honor, if I may just quickly –
13    this was something that was booked way before the charges were
14    even filed or any idea of these charges being brought forward.
15    It's just to go to Cancun, Mexico for – and really three days
16    to see a couple of wedding venues.  And this was, again, but
17    before any of – any of these charges.
18              And I understand the Court's, you know, dilemma
19    here with the passport issue and traveling, but
20    Mr. Cooperman –
21         THE COURT:  It's no dilemma.  He's not going.  He
22    could either let his fiancé go by herself, or they can even
23    get married in the United States.  I don't really care.  I
24    don't care that it was booked before he was indicted.  He's
25    been indicted.  He's under a bond.  He's not leaving the

1   country on my say so.  If you don't like that answer, you can

2   go ask Judge Hanen, but I am not allowing him to leave the

3   country.

4         MR. ZADEH:  So, I appreciate that, Your Honor.

5              Thank you.

6         THE COURT:  Okay.

7              So, that was the second easiest one.  I think

8   that takes care of all the issues with regard to you.

9              So, you can be excused.

10         MR. ZADEH:  So, just to be clear, the Lafayette is

11   approved, Your Honor?  He can leave today?

12         THE COURT:  It is approved; yes, he can go.  That's

13   fine.

14         MR. ZADEH:  Thank you, Your Honor.

15              May we be excused?

16         THE COURT:  You're excused.

17              Thank you.

18         DEFENDANT COOPERMAN:  Thank you, Your Honor.

19         THE COURT:  All right.

20              So, now that brings us to the one that's a

21   little bit hairier.

22              Government's motion with respect to

23   Mr. Hennessey.

24              So, I will let you argue that, Mr. Carter, and

25   then I will let the Defense argue their response.  And then,

1    we'll talk about it.

2            MR. CARTER:  Your Honor, you've read the motion.

3            THE COURT:  Yes.

4            MR. CARTER:  This Defendant is in certainly in no

5    situation different than any of those co-Defendants.  They've

6    all been found to require GPS to insure their appearance in

7    court.

8            As Mr. Hennessey sits in front of you today, I

9    don't know where he is – no idea – and neither does the Court.

10   And quite frankly, neither do his lawyers.  And I couldn't

11   say.  Your Honor, without getting too far into it, he – he –

12   he is alleged to have made millions on this scheme, which he

13   could use to excise himself from this case very quickly.  He

14   is physically the furthest person from this court.  Allegedly,

15   he's in the northeast somewhere.  Again, I couldn't tell you

16   exactly where, if that's true at all.

17           And finally, I would point you to the District

18   Court's guidance in this case, and one of his co-Defendants,

19   Mr. Matlock, has already applied to have his GPS removed on

20   such grounds, not particularly that he has to do physical

21   labor or anything like that, but similar grounds, and the

22   Court denied that quickly.

23           Your Honor, he clearly has every incentive to

24   not show up, and now, with the Superseding Indictment he has

25   three more reasons not to.

1              THE COURT:  Okay.

2                  Ms. Cordova, Your Honor, despite Mr. Carter's

3    recent claims about not knowing where Mr. Hennessey is, he is

4    in constant contact with his Pretrial Services Officer in New

5    Jersey.  It's very clear we're here, so I'm not really sure

6    where that's coming from.

7                  The one thing I would note at the outset is that

8    the Government has changed it's position on distrust.  When

9    Mr. Hennessey made his Initial Appearance – he was arrested

10   and he made his Initial Appearance in New Jersey, the same

11   prosecuting offense, the criminal process, he did not request

12   GPS monitoring.  Pretrial Services did not request GPS

13   monitoring.

14                 The only basis that's stated in the motion for

15   Requesting GPS monitoring is that other Defendants have GPS

16   monitoring.  That is not the standard; that is not the law.

17   The law is that each Defendant should be judged on his own

18   merits and whether he requires additional restrictive

19   conditions to reasonably assure his appearance at – in these

20   proceedings.

21                 Mr. Hennessey has been on bond for over two

22   months.  He has complied completely with those conditions.  He

23   has appeared at every hearing in this case.  There has been

24   absolutely no hint of a violation for over two months without

25   the restrictive conditions of GPS monitoring.

1          So, the idea that he needs it because other

2    people need it is just not grounded in the law or in the

3    facts.  I won't go into all the details – we laid them out in

4    our brief – but Mr. Hennessey has very strong ties to his

5    community.  He grew up in the same community; he's living with

6    his parents, who are on the – their cell phones here at this

7    hearing in New Jersey where he and his family are deeply

8    involved in the community.  They have been for – for a very

9    long time, decades.  And so, he has a lot of incentives to

10   stay, which is what he's doing and to appear in this case and

11   to clear his name.  And that's –

12          The Government hasn't shown otherwise.  The

13   Government hasn't pointed to anything that demonstrates that

14   Mr. Hennessey is a flight risk.  The evidence demonstrates

15   otherwise.  He's not a flight risk.  He's here, and there's no

16   reason for that.  There are no such additional conditions to

17   be imposed, Your Honor, at this time.

18       (Pause in the proceedings.)

19       THE COURT:  I appreciate the argument, and,

20   Ms. Cordova, you make a compelling argument, which, you know,

21   in the abstract I wouldn't have a problem with.  When

22   Mr. Cooperman appeared in front of me on his first hearing, we

23   amended his bond conditions to add the GPS monitor.  It had

24   not been put on him in the court that he was in in California.

25   I don't know whether it was requested or not, but it wasn't

1   put on him.  But when he appeared in front of me, I put it on

2   him, and Mr. Hennessey will have a GPS monitor put on him as

3   well.  This –

4                    The Government has not seized all the money that

5   is alleged that the Defendants have gotten in this case.  They

6   have – he has access to millions of dollars, according to what

7   I understand.  That makes him a flight risk.  And even though

8   he's appeared for two months, two months is not a very long

9   time.  And so, I will order that he gets a GPS monitor put on

10  him.

11                   MS. CORDOVA:  Your Honor –

12                   THE COURT:  I don't know how those arrangements will

13  be made.  I guess it has to – Pretrial in New Jersey will have

14  to do that.  So, he will need to report to Pretrial in New

15  Jersey to have the monitor affixed.

16                   Is there someone from Pretrial on this call?

17                   PRETRIAL SERVICES OFFICER:  Yes, Your Honor,

18  Bradley Woermke with the Pretrial Office in Houston.

19                   THE COURT:  Oh.

20                   Good afternoon, Mr. – Officer Woermke.

21                   So, how do we get that done?

22                   PRETRIAL SERVICES OFFICER:  I'm communicating with

23  his Officer, Mr. Levin (phonetic), in New Jersey right now,

24  and I just let him know that you ordered GPS, and we'll get

25  him hooked up.

DIGITAL SCROLL TRANSCRIPTION                    281.382.9862

1          THE COURT:  Okay.

2              All right.

3          MS. CORDOVA:  If I could, Your Honor?

4              If I may just to make a note for the record, the

5     Government has alleged a broad conspiracy of a hundred and

6     fourteen million dollars.  But the only allegations against

7     Mr. Hennessey amount to just a few hundred thousand.  And the

8     Government has not made any new allegations; he has not

9     demonstrated any evidence that he actually has received

10    millions of dollars.

11             I just wanted to point that out for the record.

12         THE COURT:  Okay.

13             I appreciate that.

14             Mr. Carter did just say millions of dollars,

15    but, you know, I understand that the allegations might not be

16    as specific as to all the money that he's come into.  I don't

17    have the details of that.

18             This is not my case, so I am not as familiar

19    with it as you all are and as Judge Hanen will be by the time

20    that this case is over, so I am not infused in the nitty-

21    gritty details of this case or how it applies to each and

22    every one of these Defendants.

23             But Judge Hanen did enter an order, ECF No. 40,

24    which says that the modifications to the bond shall be made in

25    parity with others similarly situated.  And so, it is my

1   belief that in a case like this a GPS monitor is called for.

2               And so, that is how I – that's how I do it.

3   Whenever I have financial fraud cases where there's an

4   allegation of millions of dollars having been, you know,

5   somehow or other taken and that money hasn't been seized by

6   the Government, I require a GPS monitor, because to me it's a

7   flight risk situation.

8               MR. CARTER:  Thank you, Your Honor.

9               THE COURT:  All right.

10               What else do we need to do then with regard to

11  Mr. Hennessey?

12               PRETRIAL SERVICES OFFICER:  Excuse me, Your Honor.

13               MS. CORDOVA:  Your Honor –

14               THE COURT:  Okay.

15               Go ahead.

16               PRETRIAL SERVICES OFFICER:  Your Honor, the GPS

17  monitoring will that be stand-alone technology?

18               THE COURT:  You know, however you – however they – I

19  think everybody else is on stand-alone.

20               Is that correct, Mr. Carter?

21               MR. CARTER:  I believe so.  We had this discussion

22  with Mr. Cooperman, and I believe we came down on stand-alone.

23               THE COURT:  Yeah, I think we came back down to stand-

24  alone after going around in a circle.

25               So, yes, stand-alone is fine.

1           PRETRIAL SERVICES OFFICER:  Thank you, Your Honor.

2           THE COURT:  Okay.

3                 Anything else?

4                 That was the big issue in the – in the motion as

5    far as I was concerned.  Was there anything else in that

6    motion that needed to be addressed?

7           MR. CARTER:  Not from the Government, Your Honor.

8           MS. CORDOVA:  Your Honor, do you intend to enter the

9    standard conditions like the other Defendants in this case?

10          THE COURT:  Yes.

11                And though I would like –

12          MS. CORDOVA:  The reason I –

13          THE COURT:  Go ahead.

14          MS. CORDOVA:  Oh.  I was going to say the reason I

15   ask is because one of the conditions that Mr. Hennessey was

16   subjected to in New Jersey was that he could not trade, and we

17   would ask that that be removed.

18                We have conferred with the Government; they do

19   not oppose removing that restriction.

20          THE COURT:  That he can't – that he – that he should

21   be allowed to continue trading in stocks and bonds?

22          MS. CORDOVA:  Correct.

23          THE COURT:  Okay.

24                And I guess that the – the condition that I saw

25   was that they can't use social media to tout or not tout

1    stocks and bonds, and that condition would be something to

2    keep him in parity with the others.  So, I don't care if he

3    trades, as long as he's not using a social media account to

4    try to get others to do what – what he wants them to do as is

5    alleged in this Complaint.

6              MS. CORDOVA:  Thank you, Your Honor.

7              THE COURT:  Okay.

8                   So –

9              CASE MANAGER:  And, Judge, I just wanted to make sure

10   that you wanted me to send to all three attorneys our blank;

11   they'll fill it out, have their client sign and then, you'll

12   approve it, right?

13             THE COURT:  Well, for Cooperman, I think we have

14   already done that, and he – we just need to enter an order

15   saying he can go to Louisiana.

16             CASW MANAGER:  Okay.

17             THE COURT:  For the other two, yes, they need to –

18   Ms. Cordova, if you will go ahead and take my standard form,

19   which Ms. Felchak will send to you, mark – mark it up

20   consistent with what the conditions of release are and should

21   be according to my current order, give it to Mr. Carter.  And

22   then, I will – I will enter it.

23             MS. CORDOVA:  Yes, Your Honor.

24             THE COURT:  All right.

25                   Anything else that we need to do then at this

22

1    time?

2              MR. CARTER:  Not from the Government, Your Honor.

3              MS. CORDOVA:  And not on behalf of Mr. Hennessey.

4                  Thank you, Your Honor.

5              THE COURT:  All right.

6                  Thank you.

7                  You all have a good day.

8                  Thank you for coming in.

9              DEFENDANT HENNESSEY:  Thank you, Your Honor.

10             THE COURT:  Thank you.

11                 Good luck to all of ya'll.

12                 I hope I don't see you again.  That means that

13   it – nothing's happened.  If I have to see you again, that

14   means something's happened, so.

15             DEFENDANT HENNESSEY:  Oh, no.

16             THE COURT:  Not that I want to see you, but I – it's

17   better for you if you don't see me again.

18             DEFENDANT HENNESSEY:  Yes, ma'am.

19                 Thank you, Your Honor.

20             THE COURT:  All right.

21        (Proceedings concluded at 1:30:47 p.m.)

22

23

24

25

DIGITAL SCROLL TRANSCRIPTION                      281.382.9862

1                 IN THE UNITED STATES DISTRICT COURT

2                  FOR THE SOUTHERN DISTRICT OF TEXAS

3                            HOUSTON DIVISION

4

5        I, Linda Griffin, court approved transcriber, certify that

6   the foregoing is a correct transcript from the official

7   electronic sound recording of the proceedings in the above-

8   entitled matter.

9

10  /s/ Linda Griffin                        February 25, 2023
    Linda Griffin                                  Date
11  Digital Scroll Transcription

12

13

14

15

16

17

18

19

20

21

22

23

24

25

DIGITAL SCROLL TRANSCRIPTION                        281.382.9862