IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| v. | § § | Case No. 22-cr-00612 |
| MITCHELL HENNESSEY, | § § | |
| *Defendant*. | § § | |

### MITCHELL HENNESSEY'S REPLY IN SUPPORT OF MOTION TO DISMISS COUNTS 8, 9, AND 11 OF THE SUPERSEDING INDICTMENT

Our justice system demands that no defendant should be left to guess as to what conduct he is on trial for—whether for something he allegedly wrote, said, or did, or for something somebody else allegedly wrote, said, or did. The superseding indictment, however, leaves the question of what Mr. Hennessey is on trial for under Counts 8, 9, and 11 completely open. Those Counts should consequently be dismissed.

The government's response highlights the inadequacy of the allegations in Counts 8, 9, and 11 of the superseding indictment. *First*, the superseding indictment does not contain the essential facts constituting the charges of securities fraud as to RGLS or ALZN against Mr. Hennessey. *Second*, the cases the government cites highlight how uniquely sparse the allegations are here. *Third*, the government's suggestion that discovery cures the lack of factual allegations only underscores the insufficiency of the charging document. *Fourth and finally*, the lack of factual allegations in the superseding indictment prevents Mr. Hennessey from preparing his defense, an issue the government does not address in its response.

*First*, an indictment must contain "the essential facts constituting the offense charged." FED. R. CRIM. P. 7(c)(1). The government does not dispute that the superseding indictment does

not contain a single specific allegation about RGLS (Counts 8 and 9), or a single specific allegation about how *Mr. Hennessey*, as opposed to other individuals, allegedly committed securities fraud in connection with ALZN (Count 11). Rather, the government argues that the pleading standards are met by: (1) a general description of an alleged "pump and dump" scheme where "defendants" bought and sold stock and posted false statements about stock on social media; (2) descriptions of how some defendants allegedly committed securities fraud in connection with other securities; and (3) alleging a company name combined with a month and year. But even combining all of these allegations does not resolve the superseding indictment's factual deficiencies in Counts 8, 9, and 11.

A materially false or fraudulent pretense, representation, or promise is an essential fact constituting securities fraud. *See* 18 U.S.C. §§ 1348 & 2. Without that essential fact, there is no violation of 18 U.S.C. § 1348. *See id.* Counts 8, 9, and 11 each allege a violation of securities fraud under both subsections of 18 U.S.C. § 1348. Section 1348(1) prohibits "a scheme or artifice . . . to defraud any person in connection with any . . . security[.]" "A 'scheme or artifice' means any plan, pattern, or course of action involving a *false or fraudulent pretense, representation, or promise* intended to deceive others in order to obtain something of value, such as money[.]" FIFTH CIRCUIT PATTERN JURY INSTRUCTION, § 2.59 (18 U.S.C. § 1347) (emphasis added). Similarly, § 1348(2) prohibits a "scheme or artifice . . . to obtain, by means of *false or fraudulent pretenses, representations, or promises*, any money or property in connection with the purchase or sale of any . . . security[.]" § 1348(2) (emphasis added). Under the plain text of both subsections of § 1348, then, the superseding indictment must allege that materially false statements were made in connection with each security to support a violation of either subsection of § 1348. The superseding indictment does not meet this threshold requirement.

While the superseding indictment alleges generally that false statements were made in connection with securities, it does not identify a single false statement in connection with RGLS (Counts 8 and 9) or a single false statement made by Mr. Hennessey in connection with ALZN (Count 11). The superseding indictment does not allege in connection with RGLS *when* any allegedly false statement was made, *who* made it, or *why* it was false. The government responds that the length of the superseding indictment, 115 paragraphs, is evidence that the superseding indictment contains sufficient detail to meet the minimum pleading requirements. Yet, within those 115 paragraphs, the superseding indictment fails to allege a single materially false or fraudulent pretense, representation, or promise concerning RGLS, or a single materially false or fraudulent pretense, representation, or promise that *Mr. Hennessey* made concerning ALZN. Instead, Count 8 and Count 9 each simply cites the RGLS stock ticker, a month, and a year. Count 11 describes alleged conduct by *other* individuals in connection with ALZN stock, but does not allege how Mr. Hennessey allegedly committed securities fraud in connection with ALZN. Such a pleading falls far short of what Rule 7 demands.

*Second*, the cases the government cites to support its argument that the superseding indictment meets the minimal pleading requirements are inapposite because the indictments in those cases involved fundamentally different crimes and included significantly more detail than Counts 8, 9, and 11. The government claims that *United States v. Ellender*, 947 F.2d 748 (5th Cir. 1991), the cases *Ellender* cites—*United States v. Giles*, 756 F.2d 1085 (5th Cir. 1985), and *United States v. Lavergne*, 805 F.2d 517 (5th Cir. 1986)—and *United States v. Motz*, 652 F. Supp. 2d 284 (E.D.N.Y. 2009), support its position that the superseding indictment need not allege specific facts as long as it contains a company name, a month and year, a general description of the scheme, and descriptions of other instances of alleged securities fraud. Those cases do not support that position.

In *Ellender*, for example, the Fifth Circuit held that an indictment included sufficient facts where it "alleged a conspiracy to import a specific amount of marijuana, 1,260,000 pounds, during a specified period." 947 F.2d at 756. The elements constituting a drug distribution conspiracy are fundamentally different than the elements required for securities fraud, and thus, the required factual allegations are different. For example, a drug distribution conspiracy charge does not require the elements of materiality or falsity, which are required for a securities fraud charge.

Likewise, in *Giles*, another drug distribution conspiracy, the court concluded that an indictment was sufficient where "[t]he indictment had charged Giles with conspiring to distribute marijuana, cocaine, and quaaludes 'on or about April, 1981, and continuing through August, 1982, in Harrison County, in the Southern Division of the Southern District of Mississippi, and elsewhere.'" 756 F.2d at 1086. Like *Ellender* and *Giles*, the Fifth Circuit also found sufficient factual allegations in *Lavergne*.

*Lavergne* involved allegations of embezzlement, rather than a drug distribution conspiracy. 805 F.2d at 519–20. On appeal, Lavergne argued that the indictment against him was so devoid of information that it violated his due process rights. *Id.* at 520. The Fifth Circuit concluded that the indictment included significant factual detail supporting the embezzlement charges even though the factual allegations contained in the overt acts in Count 1 had to be cross-referenced to align with each embezzlement count. *Id.* at 520–21. The Fifth Circuit explained:

> Not one of Counts II through XI contains a description of the acts by which the described embezzlement was accomplished. An examination of the proof as to counts II through VI, however, reveals that *the amounts and dates set out in the indictment correspond to amounts detailed in the list of overt acts in Count I. Each of these five counts corresponds with one of the business trips taken by appellants on which they double-billed their expenses. The time period set out in each count extends from the time when the first advances were given to appellants until the time when the union's credit card bill for the same trip was paid.* An examination of

**DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS**
**COUNTS 8, 9, AND 11 OF THE SUPERSEDING INDICTMENT – PAGE 4**

> Counts VII through XI is similarly revealing: *the allegations recited in those counts are based on appellants' fraudulent three percent increase in salary, recounted in Count I as overt acts 15 through 17*.

*Id.* (emphasis added). Thus, the Fifth Circuit held that while "[t]he fact that the indictments are only thus decipherable falls short of the precision desirable in an indictment," the district court did not commit reversible error in denying the defendants' motion for a bill of particulars. *Id.* at 521. In *Lavergne*, unlike here, the embezzlement counts contained both a time frame and an amount *plus* factual allegations contained in the alleged overt acts. Here, however, Counts 8, 9, and 11 do not contain a single factual allegation concerning Mr. Hennessey, not even an allegation regarding the amount of stock or money supposedly involved.

Similarly, the government cites *Motz* to argue that "[n]othing more is required" than "the months and securities at issue" when combined with the general description of the alleged scheme and some descriptions of other alleged examples of securities fraud. ECF 174 at 5. But the indictment in *Motz* contained considerably more detail than Counts 8, 9, or 11. 652 F. Supp. 2d at 289–90, 295–96. Furthermore, the defendant in *Motz* did not argue that the indictment failed to allege what he did that constituted securities fraud. *Id.* at 295–96. Rather, he simply argued that the indictment did not adequately allege intent. *Id.* Thus, *Motz* does not support the government's contention that the factual allegations are adequate for Counts 8, 9, or 11.

*Third*, the government's suggestion that discovery cures the lack of factual allegations in this case is misplaced. The government states that Mr. Hennessey:

> has, through discovery, the full scope of his relevant social media and trading activity for the time periods alleged in each challenged Count. The activity is a definite set of social media posts and trades regarding the specifically named securities at issue in the Counts. The metes and bounds of that set are established clearly by the months in which the scheme was executed as to the securities described.

ECF 174 at 5, n.1. But this assertion, coupled with the non-existent allegations relating to ALZN and RGLS, shows the hollowness of Counts 8, 9, and 11 as related to Mr. Hennessey. In connection with ALZN, for instance, the superseding indictment alleges several trades and purportedly false statements that *other* individuals allegedly made. ECF 134 at ¶¶ 63–71. It does not allege that *Mr. Hennessey's* "social media and trading activity" has any relevance whatsoever to the ALZN allegation in Count 11; nor does it allege that *Mr. Hennessey* made *any* social media post or traded *any* ALZN stock at all. *See* ECF 134 at ¶¶ 63–71, 121. The same is true for RGLS (Counts 8 and 9). Once again, Mr. Hennessey is left guessing what he is on trial for—something he allegedly wrote, said, or did, or something someone else allegedly wrote, said, or did.

*Fourth and finally*, the omission of essential facts constituting the elements of securities fraud in Counts 8, 9, and 11 hamstrings Mr. Hennessey's ability to prepare his defense from the outset. Preparing his defense includes marshalling evidence to rebut the allegations—such as evidence that specific statements were true or immaterial—as well as preparing legal challenges to the charges. Yet, because the government does not disclose *what* Mr. Hennessey wrote, said, or did that is supposedly unlawful, the government has essentially insulated the superseding indictment from a targeted motion to dismiss. It also leaves Mr. Hennessey guessing as to what conduct he is on trial for—whether for something he allegedly wrote, said, or did, or for something somebody else allegedly wrote, said, or did—and not knowing what evidence he needs to collect to rebut the allegations in Counts 8, 9, and 11 at trial.

Counts 8, 9, and 11 of the superseding indictment must allege the essential facts that constitute a violation of the law. They do not. Therefore, Counts 8, 9, and 11 must be dismissed as to Mr. Hennessey.

Respectfully submitted,

**JACKSON WALKER LLP**

*/s/ Laura Marie Kidd Cordova*
Laura Marie Kidd Cordova
State Bar No. 24128031
lcordova@jw.com
Michael J. Murtha
State Bar No. 24116801
mmurtha@jw.com

1401 McKinney St, Suite 1900
Houston, Texas 77010
(713) 752-4449
(713) 752-4221 (Facsimile)

**ATTORNEYS FOR DEFENDANT
MITCHELL HENNESSEY**

**CERTIFICATE OF SERVICE**

    I hereby certify that on March 9, 2023, a true and correct copy of the foregoing was served electronically on all persons via the Court's CM/ECF system.

                                            */s/ Laura Marie Kidd Cordova*
                                            Laura Marie Kidd Cordova