IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>EDWARD CONSTANTINESCU,<br>PERRY "PJ" MATLOCK,<br>JOHN RYBARCZYK,<br>GARY DEEL,<br>STEFAN HRVATIN,<br>TOM COOPERMAN,<br>MITCHELL HENNESSEY,<br>DANIEL KNIGHT. | No. 4:22-CR-00612-S |

**DEFENDANT EDWARD CONSTANTINESCU'S OPPOSED**
**MOTION TO MODIFY CONDITIONS OF RELEASE**

Defendant Edward Constantinescu ("Constantinescu") respectfully requests an order permitting him to sell certain real property located at 142 Bentwater Bay Drive, Montgomery, TX 77356. The government opposes the relief requested in this Motion.

**RELEVANT FACTS**

At the end of January 2021, Constantinescu made over $9 million in one day trading in AMC Entertainment Holdings, Inc. (AMC), a stock not mentioned in the Indictment and which appears nowhere in the government's list of 402 purported "pumps and dumps" that Constantinescu supposedly conspired to commit. Immediately following earning those profits from AMC, Constantinescu sought to purchase a house. In February 2021, listings for the home located at 142 Bentwater Bay Drive were taken down and by March 6, 2021, Constantinescu had placed an offer for approximately $3.5 million to purchase the home. A defective seizure warrant obtained by the government alleges he then transferred approximately $4 million from his trading

1

account into a bank account *between March 8, 2021 and March 16, 2021* to facilitate the purchase of the house.

Incidentally, from March 5–9, 2021 Constantinescu had also made $4.6 million trading Tesla (TSLA) stock, an American automotive and clean energy company headquartered in Austin, Texas. These earnings had compounded on the millions of dollars Constantinescu had made trading other household name stocks. To name just a few, between March 2020 and February 2021 (when Constantinescu and his wife put in an offer to buy their family home in Montgomery County), Constantinescu had made an additional more than $4 million trading the following stocks: Boeing (BA) $217,797, Chewy (CHWY) $65,819, Dish Network (DISH), $106,970, Eastman Kodak (KODK) $107,150, FUBO TV (FUBO), $1,349,289, Hertz Global, $297,231, Luminar Technologies (LAZR), $1,094,001, PayPal (PYPL) $71,166, Amazon (AMZN), $419,494, and Discovery (DISCA), $314,493.

Constantinescu and his then-wife Bilge (Applegate) Constantinescu ("Applegate") closed on their family home on March 18, 2021. Ultimately, it was a cash purchase using funds derived from Constantinescu's trading in AMC. Applegate has lived in that house continuously since that time while Constantinescu lives in a nearby house which they jointly own.

On December 7, 2022, Constantinescu was charged by Indictment. [ECF 1]. He was arraigned in the Southern District of Texas on December 16, 2022 and United States Magistrate Judge Christina A. Bryan issued an Order Setting Conditions of Release. [ECF 64]. Among other conditions, Constantinescu was ordered: "No selling of assets without notice to the United States." This restriction was placed on the transfers of assets valued above $5,000 other than for payment of legal fees. Judge Bryan clarified at the hearing:

> . . . legal fees are excepted. And when I say no transfers, I'm excluding fixed, regular monthly expenses. So to the extent there's a mortgage, or regular payments,

2

> those may continue to be made. The $5,000 limit just occurs to any unusual transfer other than legal fees.

(Tr. at 21:16-24, Dec. 16, 2022). On February 8, 2023, the government filed a Superseding Indictment, but the asset transfer condition remained unchanged following Constantinescu's re-arraignment on February 14, 2023.

The Indictment charges Constantinescu with five counts of securities fraud concerning the following ticker symbols: ONTX, CEI, DATS, BBI, and MYSZ. On March 31, 2023, the government produced a spreadsheet including an exhaustive list of the stock tickers the government asserts were involved in the alleged conspiracy charged against all Defendants in Count 1. AMC is not included in that list. Nor Telsa for that matter.

On February 6, 2023, Applegate filed a Petition for Divorce in Montgomery County, Texas. At a hearing in those divorce proceedings, on February 23, 2023, she testified that she does not work and relies on Constantinescu to pay the expenses associated with the real property located at 142 Bentwater Bay Drive, where she has resided since the time of their separation. Applegate was awarded interim spousal support in the amount of $10,000 per month.

On May 15, 2023, the government filed a Motion to Modify Conditions of Release asking for an order permitting Constantinescu to pay "any and all court-order[ed] spousal payments without prior notification to the Probation Department or the United States Attorney's Office, provided that those funds come from liquid accounts such as bank accounts and brokerage accounts, and not the sale of tangible assets such as real estate, jewelry, vehicles and the like." [ECF 270]. The Court granted this modification on May 23, 2023. [ECF 274].

An estimated current value of the real property located at 142 Bentwater Bay Drive, Montgomery County, Texas, 77356 is approximately $4.1 million. Constantinescu and Applegate agree that they both would like to sell the property and divide the proceeds to pay for their

respective expenses—which for Constantinescu means legal fees, along with other living expenses.

## ARGUMENT

The Bail Reform Act takes the default position that persons charged with an offense be released "on personal recognizance or upon execution of an unsecured appearance bond" in an amount specified by the court." *See* 18 U.S.C. § 3142(b). Additional conditions are not to be imposed "unless the judicial officer determines that such release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community." *Id*. at §§ 3142(b), (c)(1). Even if a judge makes a reasonable determination that additional conditions are warranted, the Bail Reform Act further requires that the defendant must be "(B) subject to the least restrictive further condition, or combination of conditions, that . . . will reasonably assure the appearance of the person as required . . ." *Id*. at § 3142(c)(1)(B).

Here, in conformance with the Bail Reform Act's articulated concern regarding a defendant's continued appearance as required, Constantinescu seeks to sell the aforementioned property to pay for legal expenses in this matter and to pay his general living expenses while continuing to reside in the Southern District of Texas. The Sixth Amendment of the Constitution prohibits the pretrial restraint of legitimate untainted assets needed to retain counsel of choice. *See Luis v. United States*, 136 S. Ct. 1083 (2016). Because the government cannot trace the purchase of the house to any "tainted" assets, no basis exists for permitting the government to effectively seize the home nor for preventing Constantinescu and Applegate from selling it.

## CONCLUSION

For the reasons set forth herein, Constantinescu respectfully requests the Court issue an order permitting Constantinescu to sell the real property located at 142 Bentwater Bay Drive, Montgomery, TX 77356 and award any other relief deemed just and proper.

Dated: May 24, 2023                                                                                   Respectfully submitted,

 

Matthew A. Ford
Texas Bar No. 24119390
mford@fordobrien.com
Cara J. Filippelli
Texas Bar No. 2416183
cfilippelli@fordobrien.com
FORD O'BRIEN LANDY, LLP
3700 Ranch Road 620 South, Suite B
Austin, Texas 78738
Telephone: (512)-503-6388
Facsimile: (212) 256-1047

*Attorneys for Defendant*
*Edward Constantinescu*

## **CERTIFICATE OF SERVICE**

    I hereby certify that on May 24, 2023, a true and correct copy of the foregoing document was served electronically on all counsel of record via the Court's CM/ECF.

                                                                              */s/ Matthew A. Ford*
                                                                              Matthew A. Ford