UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § | Case No. 4:22-cr-612 |
| CONSTANTINESCU, *et al.* | § § | The Honorable Andrew S. Hanen |
| Defendants. | § § | |

**United States' Response in Opposition to Defendant Constantinescu's Motion to Compel**

The Court should deny Defendant's Second Motion to Compel (ECF No. 322). First, Defendant asks the Court to compel the production of unknown and unidentified documents that are not in the United States' possession, custody, or control. Second, the relevance and admissibility of the materials Defendant seeks are dubious at best, and certainly not *Brady* material. The Court should deny the Motion.

### I.   Legal Standard

As numerous courts have made clear, "the *Brady* obligations of the prosecutors extend only to materials within the prosecutors' possession, custody or control or, in appropriate cases . . . perhaps another part of the Executive Branch . . . ."[1] *United States v. Blaszczak*, 308 F. Supp. 3d 736, 742 (S.D.N.Y. 2018); *see also United States v. Portillo*, 969 F.3d 144, 183 (5th Cir. 2020) ("[Defendant's] *Brady* claim fails because he has not demonstrated that the prosecution team had access to [the relevant] records—a necessary prerequisite for the claim to succeed." (internal quotations and citation omitted)); *United States v. Erickson*, 561 F.3d 1150, 1163 (10th Cir. 2009) ("[T]he defendant must also show that the favorable evidence was in the possession or control of

---

[1] In responding to Defendant's Motion, the United States does not agree or concede that the materials sought do constitute *Brady* material.

the government."); *United States v. Aichele*, 941 F.2d 761, 764 (9th Cir. 1991) ("The prosecution is under no obligation to turn over materials not under its control.").

"Whether the Government's discovery obligations extend to materials in possession of another government agency turns on whether the Government and the other agency conducted a 'joint investigation.'" *United States v. Alexandre*, 22-cr-326, 2023 WL 416405, at *5 (S.D.N.Y. Jan. 26, 2023) (internal citation omitted). To determine whether investigations are joint or parallel, courts conduct "a case-by-case analysis of the extent of interaction and cooperation between the two government [agencies]." *United States v. Antone*, 603 F.2d 566, 570 (5th Cir. 1979). "A number of factors are relevant in determining whether the prosecution conducted a 'joint investigation,' including whether the other agency: (1) participated in the prosecution's witness interviews, (2) was involved in presenting the case to the grand jury, (3) reviewed documents gathered by or shared documents with the prosecution, (4) played a role in the development of prosecutorial strategy, or (5) accompanied the prosecution to court proceedings." *United States v. Middendorf*, 18-cr-36, 2018 WL 3956494, at *4 (S.D.N.Y. Aug. 17, 2018).

Even where some aspects of an investigation may be joint, "[t]his does not mean that all of the documents the SEC prepared and accumulated in its investigation . . . are part of the joint investigation." *United States v. Gupta*, 848 F. Supp. 2d 491, 495 (S.D.N.Y. 2012). Rather, "whether parallel investigations are also 'joint' investigations must be evaluated in light of the disclosures being requested . . . . [T]he purpose of *Brady* is to apprise the defendant of exculpatory evidence **obtained during the fact-gathering** that might not otherwise be available to the defendant." *Id.* at 494 (emphasis added).

    **II.**    **The Court should deny the Motion because Defendant seeks documents not in the United States' possession, custody, or control, and that are otherwise unrelated to the United States' investigation or prosecution.**

Defendant's Motion is baseless for at least four reasons: (1) the documents sought are not

in the possession, custody, and control of the United States; (2) the United States' investigation and prosecution are parallel, not joint, with the SEC's; (3) the documents sought apparently pre-date the United States' investigation and were not part of the United States' fact gathering in this case; and (4) the information is not relevant, let alone material. The Court should deny the Motion.

*First*, the documents sought are not in the possession, custody, or control of the United States. Defendant does not even attempt to identify with any specificity the types of documents that he claims the United States has in its purported possession, custody, or control. At best, he makes vague scattershot demands seeking the SEC's "records, data, and information" about "Meme Stocks" and "internal communications [involving the SEC] as well as those with FINRA and other third parties about ['Meme Stocks']." (Mot. at 4, 11.) In the same breath, he pivots and requests "[a]ny SEC records" related to the 402 episodes at issue in this case. (*Id.* at 4.) It is unclear how the United States failed to produce documents of which it is wholly unaware and which Defendant cannot even identify with any specificity. The lack of detail and inability to articulate cogently and consistently the sought information smacks of a baseless fishing request, which the law does not entertain. *See United States v. Scott*, 555 F.2d 522, 528 (5th Cir. 1977) ("*Brady* does not permit a defense fishing expedition whenever it is conceivable that evidence beneficial to defendants may be discovered."). Thus, the inquiry should end at the outset.

*Second*, the United States' investigation and prosecution of this case was parallel, not joint, with the SEC such that certain of the SEC's files are not imputed to the United States for discovery purposes. At most, the SEC's participation was limited to two of five factors courts often analyze: (1) the SEC attended a minority of the United States' witness interviews and (3) exchanged some documents with the United States. *See Middendorf*, 2018 WL 3956494 at *4–5 (concluding no joint investigation even where United States and SEC conducted joint witness interviews, among

other coordination); *Blaszczak*, 308 F. Supp. 3d at 742 (finding no joint investigation even where SEC participated in "many, though not all, witness interviews" and coordinated some fact gathering). Even then, the United States pursued the vast majority of its investigative activity, documentary and otherwise, independent of the SEC.

By contrast, the SEC was not involved in presenting the case to the grand jury; did not play a role in the development of prosecutorial strategy; and did not accompany the prosecution to court proceedings. *See, e.g.*, *Middendorf*, 2018 WL 3956494 at *4–5. These and numerous other factors—such as the fact that the two investigations originated separately or that the United States obtained its own trading records and conducted its own analysis of the same—demonstrate this was not a joint investigation. *See, e.g.*, *Alexandre*, 2023 WL 416045 at *6 (finding no joint investigation where CFTC and government "initiated their investigations entirely separately and without each other's knowledge" among other facts); *United States v. Collins*, 409 F. Supp. 3d 228, 242 (S.D.N.Y. 2019) (finding no joint investigation with SEC when considering numerous additional factors also absent here). Defendant has not attempted to proffer any facts or argument to support his conclusory assertion of a "joint investigation." Thus, the Court should reject it.[2]

*Third*, even if there was joint investigative activity, the documents Defendant seeks were not created as the result of any possible joint activity here. *Gupta*, 848 F. Supp. 2d at 494 ("[J]oint fact-gathering is part of what is often referred to as 'joint investigation' . . . ."). For example, the October 14, 2021 SEC report Defendant cites as the basis for the Motion was created seven months prior to the United States' investigation of this case, which began in May 2022. Thus, it is logically

---

[2] To the extent Defendant seeks to raise new facts or argument in his reply brief to remedy his failure to do so in the Motion—as he did in his previous motion to compel reply (*see* ECF Nos. 286, 311)—the Court should reject those repeated efforts as well. The United States cannot chase moving and undefined targets and the law does not require it. *See, e.g.*, *RedHawk Holdings Corp. v. Schreiber Trustee*, 836 Fed. App'x 232, 235 (5th Cir. 2020) ("Generally, neither this court nor the district courts of this circuit will review arguments raised for the first time in a reply brief.").

impossible for documents underlying an October 2021 report to be considered joint fact finding resulting from the United States' investigative activity beginning seven months later. *See, e.g., Gupta*, 848 F. Supp. 2d at 494. The defense should be aware of that fact, given that they have the case opening serial dated May 18, 2022, which was produced in discovery. Even if the defense was not aware, had counsel conferred with the United States as required prior to filing the Motion, the United States would have made this point clear. *See* J. Hanen, Criminal Procedures, Rule 6A.

*Fourth*, Defendant fails to demonstrate how the information he seeks is relevant, let alone *Brady* material. *See, e.g., United States v. Edwards*, 442 F.3d 258, 268 n.10 (5th Cir. 2006) ("Due to the speculative and conclusory nature of the [defendants'] allegations with respect to both the suppression and materiality *Brady* prongs, such a hearing would serve as nothing more than a fishing expedition."); *United States v. Coppa*, 267 F.3d 132, 135 (2d Cir. 2001) ("*Brady* does not . . . require the prosecution to disclose *all* exculpatory and impeachment material; it need disclose only material that, if suppressed, would deprive the defendant of a fair trial." (internal quotations and citation omitted)). As noted above, the only specificity that Defendant can muster is "records," "data," and "correspondence" at the SEC about "Meme Stocks." (Mot. at 4, 11.) That Defendant cannot even identify the critical "*Brady*" material that the United States purportedly withheld is fatal to the request altogether. *See, e.g., Scott*, 555 F.2d at 528. It is far-fetched to argue that internal SEC emails about "Meme Stocks" tends to prove or disprove whether Defendant conspired with his co-defendants to commit securities fraud and otherwise committed the charged securities-fraud offenses. That other market participants may have participated in the price and volume volatility of these of certain "Meme Stocks" does not tend to prove whether Defendants' own conduct violated the relevant statutes. *See, e.g., United States v. Gatto*, 986 F.3d 104, 129 (2d Cir. 2021) ("[T]hat others are engaging in improper behavior does not make it lawful."); *Gonnella v. SEC*,

5

954 F.3d 536, 549 (2d Cir. 2020) ("[T]he fact that behavior is common does not mean it is not fraud."); *United States v. Oldbear*, 568 F.3d 814, 821 (10th Cir. 2009) (affirming exclusion of testimony that was "an attempt to establish an 'everybody-is-doing-it defense'" and noting "the fact that others may have been beneficiaries of improper conduct does nothing to excuse [the defendant]").

Indeed, the United States is not even offering the referenced "Meme Stocks" to prove that Defendants were the sole reason for the price increase in those stocks. Rather, episodes as to those stocks are offered as intrinsic and inextricably intertwined with the charged conduct, and in the alternative under Rule 404(b), for permissible purposes of showing Defendants' repeated and concerted conduct of trading in a way opposite of their social-media posts. (*See* ECF No. 319.) Thus, Defendant's proffered justification of relevance fails at the outset: ill-defined records about irrelevant issues cannot constitute "*Brady*" material.

## Conclusion

The Court should deny Defendant's Motion because it seeks to compel the production of documents that are not in the United States' possession, custody, and control, are otherwise unrelated to the United States' investigation or prosecution, or are irrelevant to this case.

Dated: July 12, 2023                     Respectfully submitted,

                                         GLENN S. LEON
                                         Chief, Fraud Section
                                         Criminal Division, Department of Justice

                              By:        */s/ John J. Liolos*
                                         Scott Armstrong, Assistant Chief
                                         John J. Liolos, Trial Attorney
                                         Fraud Section, Criminal Division

6

        United States Department of Justice
1400 New York Ave. NW
Washington, DC 20005
Tel.: (202) 768-2246

ALAMDAR S. HAMDANI
United States Attorney
Southern District of Texas

By:    */s/ Thomas Carter*
       Thomas H. Carter
       Assistant United States Attorney
       State Bar No.: TX24048387
       1000 Louisiana Street, 25th Floor
       Houston, Texas 77002
       Tel.: (713) 567-9470

**CERTIFICATE OF SERVICE**

      I hereby certify that on July 12, 2023, I will cause the foregoing brief to be electronically filed with the Clerk of the Court using the CM/ECF system, which will provide copies to counsel for all parties.

                                          */s/ John J. Liolos*
                                          John J. Liolos, Trial Attorney
                                          U.S. Department of Justice
                                          Criminal Division, Fraud Section