IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| v. | § § | Case No. 22-cr-00612 |
| MITCHELL HENNESSEY, | § § § | |
| *Defendant*. | § | |

## MITCHELL HENNESSEY'S MOTION TO COMPEL

Defendant Mitchell Hennessey respectfully moves the Court to compel the government to produce *Brady* material, *Giglio* material, and witness statements. The Court previously ordered the government to produce these materials by July 7, 2023. ECF 254. The government mailed a production purporting to be these materials on July 7, 2023, and the defendants received the materials on July 10, 2023.[1] The government's production is deficient in many respects, including:

1. The production does not include the attachments to numerous emails; and
2. The production does not include emails written and sent by testifying witnesses that attached versions of affidavits or expert reports other than the final, signed affidavit or report.

The missing attachments and emails that were written and sent by testifying witnesses constitute witness statements, *see* 18 U.S.C. § 3500, and are also likely *Giglio* and *Brady* material.

### I.   BACKGROUND

On July 12, 2023, just two days after receiving the production, counsel for Mr. Hennessey emailed the government identifying these deficiencies and requesting that the materials be

---

[1] On August 16, 2023, without explanation, the government produced additional witness statements. While it is common for the government to make a rolling production of recently made or received witness statements, many of the witness statements produced on August 16, 2023 were made to the government and have been in the case team's possession since 2022.

produced. *See* Ex. A. Regarding the missing email attachments, the government stated that it believed it had produced all "relevant exhibits" and indicated that counsel for the government would not review the production themselves. *See id.* The government stated, "We are not going to chase issues that we don't believe exist[]" and asked that counsel for Mr. Hennessey identify the missing attachments. *Id.*

On July 17, 2023, in a telephone call requested by counsel for Mr. Hennessey, counsel for the government stated that the government would *not* produce *any* emails from testifying witnesses attaching any version of an affidavit or expert report that was not the final, signed version of the affidavit or report.

On August 9, 2023, after still not receiving the missing email attachments, counsel for Mr. Hennessey once again requested that the government produce the missing email attachments. Counsel for Mr. Hennessey provided the government with nine examples of missing attachments. *See* Ex. B.

A week later, on August 16, 2023, the government responded, producing a chart purporting to list the attachments and claiming that the missing attachments were previously produced. *See id.* Counsel for Mr. Hennessey spent several hours trying to locate the documents based on the government's representations, only to find that the government's chart was wrong for each and every document. For example, the government claimed that the attachment to a March 24, 2023 email from the FBI case agent was a document that the FBI did not even receive until May 17, 2023—nearly two months *after* the agent's email. *See id.*

On August 21, 2023, counsel for Mr. Hennessey pointed out this blatant error in the government's list, and the government responded the next day stating that the example was just a mistake, but the other attachments had been produced either in native format connected to the

**MR. HENNESSEY'S MOTION TO COMPEL – PAGE 2**

email or in PDF files produced in sequential order. *See id.* Counsel for Mr. Hennessey once again searched the government's productions, seeking to locate the attachments based on the government's latest representations, only to discover that the government's statements were once again wrong. *See id.*

On August 23, 2023, counsel for Mr. Hennessey sent the government a detailed analysis, explaining that the government's representations were wrong and that the attachments had not been produced. *See id.*

On August 24, 2023, counsel for the government agreed to a call and initially stated that they thought they could produce the emails with attachments in a week or two. Counsel for Mr. Hennessey explained that this issue was still unresolved after over six weeks of back-and-forth, and with trial set for October, the timeline needed to be both definite and shorter. Counsel for the government then said that they thought they might be able to produce the missing email attachments sooner. As documented in an email to the government after the call, the government agreed to provide counsel for Mr. Hennessey an anticipated production date by the following day, Friday, August 25, 2023. Friday, August 25 (as well as the weekend, August 26 and 27) came and went without a word from the government.

## II. LEGAL STANDARD

The Jencks Act, 18 U.S.C. § 3500, requires the government to produce "any statement (as hereinafter defined) of the witness in the possession of the United States which relates to the subject matter as to which the witness has testified." A "statement" includes "a written statement made by said witness and signed or otherwise adopted or approved by him." 18 U.S.C. § 3500(e)(1). As the plain text of § 3500(e)(1) demonstrates, emails written and sent by a testifying witness that attach a prior version of an affidavit or expert report in this case are witness statements and must be produced.

### III.   ARGUMENT

The production of these materials is now seven weeks late. Despite repeated and time-consuming efforts to resolve this matter without motion practice, the government refuses to provide a date by which it will produce the missing email attachments. Further, the government outright refuses to produce any emails written and sent by a testifying witness if that email attaches any version of an affidavit or expert report, even though such emails constitute witness statements and also likely constitute *Giglio* and *Brady* material.

### IV.   CONCLUSION

Therefore, Mr. Hennessey respectfully requests that the Court order the government to produce within three days: (1) all email attachments and linked materials, produced in a manner that includes all metadata and maintains the connection between the email and the attached or linked materials; and (2) all emails written and sent by a testifying witness that attach any version of any affidavit or expert report in this case.

Respectfully submitted,

**JACKSON WALKER LLP**

*/s/ Laura M. Kidd Cordova*
Laura M. Kidd Cordova
State Bar No. 24128031
lcordova@jw.com
Michael J. Murtha
State Bar No. 24116801
mmurtha@jw.com

1401 McKinney St, Suite 1900
Houston, Texas 77010
(713) 752-4449
(713) 752-4221 (Facsimile)

**ATTORNEYS FOR DEFENDANT MITCHELL HENNESSEY**

**CERTIFICATE OF CONFERENCE**

I hereby certify that I conferred on multiple occasions, and most recently on August 24, 2023, with counsel for the government about the relief requested herein, and the government is opposed to the requested relief.

*/s/ Laura M. Kidd Cordova*
Laura M. Kidd Cordova

**CERTIFICATE OF SERVICE**

I hereby certify that on August 28, 2023, a true and correct copy of the foregoing was served electronically on all persons via the Court's CM/ECF system.

*/s/ Laura M. Kidd Cordova*
Laura M. Kidd Cordova