IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| v. | § § | Case No. 22-cr-00612 |
| MITCHELL HENNESSEY, | § § § | |
| *Defendant*. | § § | |

## MITCHELL HENNESSEY'S REPLY IN SUPPORT OF EMERGENCY MOTION TO SEVER

The government knows that there is considerable public interest in this case, and yet it uses its response to blatantly mislead the Court and the public about the evidence rather than actually addressing the merits of Mr. Hennessey's Emergency Motion to Sever. The issue before the Court is simple: Mr. Hennessey's Fifth Amendment right to due process will be violated if he must proceed to a trial in which his co-defendants' counsel are not adequately prepared. The government's diversionary and misleading brief does not change that fact. Mr. Hennessey should be severed from his co-defendants so he may independently proceed to trial in October 2023.

### I.   ARGUMENT

The government fails to provide any substantive response to Mr. Hennessey's motion to sever, simply making the conclusory and unsupported statements that Mr. Hennessey has not shown "compelling prejudice," and that his codefendants "can be ready for trial" in October. ECF 377 at 1–2. Instead, in what appears to be an inappropriate and inexcusable attempt to sway public sentiment against Mr. Hennessey, the government includes in its motion a grossly distorted text message chain that glaringly omits Mr. Hennessey's text messages, which directly contradict the government's theory of fraud. *See id.* at 3. These omissions are readily apparent when one compares the actual chain (produced by the government as CHAT-00020-2021-05-14 -

CB0031610) to the government's retributive brief. *See id.* Significantly, the government omits Mr. Hennessey's messages that:

- BlackRock (an investment fund managing *trillions* of dollars in assets) just bought 2% of SURF;
- ARK (an investment fund managing *billions* of dollars in assets) also bought SURF;
- Institutional investors—not retail investors—owned 75% of the 30 million float; and
- "Someone" was bidding up the options for SURF.

This omitted information directly contradicts the government's theory that the defendants engaged in a "pump and dump" scheme by posting positive information about SURF. The complete and accurate text chain is listed in the right column, while the government's misrepresentation of that text chain is on the left. The messages in bold are omitted from both the government's brief **and** the attached exhibit (Government Exhibit 10B).[1]

| Government's Representation of Text Chain | Actual Text Chain |
|---|---|
| May 13, 2021 ||
|  | **Cooperman:    What's the play we grabbing tomorrow** 👀 |
|  | **Cooperman:    DONT tell ultra MFER** |
|  | **Hennessey:    🏄** |
|  | -Discussion surrounding hotel stay omitted- |
| May 14, 2021 ||
|  | **Hennessey:    Just landed boys** |

---

[1] Inexplicably, these messages are also omitted from the government's Exhibit 10B, attached as Exhibit 1 to the government's response. These significant omissions are but one example of the many problems with the compilation charts like this one that the government seeks to introduce at trial, which Mr. Hennessey will address in a separate motion in limine.

**MR. HENNESSEY'S REPLY IN SUPPORT OF**
**EMERGENCY MOTION TO SEVER – PAGE 2**

| **Government's Representation of Text Chain** | | **Actual Text Chain** | |
|---|---|---|---|
| | | Hennessey: | **U boys trading in some room?** |
| Cooperman: | Bro I'm in bed waiting for you so tell me what I'm fuckin grabbing for Monday hahaha | Cooperman: | Bro I'm in bed waiting for you so tell me what I'm fuckin grabbing for Monday hahaha |
| Hennessey: | I TOLD U LAST NIGHT MF! | Hennessey: | I TOLD U LAST NIGHT MF! |
| | | Hennessey: | 🏄 |
| Hennessey: | We just gotta keep it under 8 today | Hennessey: | We just gotta keep it under 8 today |
| Cooperman: | SURF? | Cooperman: | SURF? |
| Cooperman: | We sending a $7 stock!??? | Cooperman: | We sending a $7 stock!??? |
| Hennessey: | Yes | Hennessey: | Yes |
| Hennessey: | Trust me | Hennessey: | Trust me |
| Hennessey: | There's no float | Hennessey: | There's no float |
| Hennessey: | There getting bought out | Hennessey: | There getting bought out |
| | | Cooperman: | 👀 |
| Hennessey: | I'll have 2 mil in by end of day | Hennessey: | I'll have 2 mil in by end of day |
| Cooperman: | DD mania Monday? | Cooperman: | DD mania Monday? |
| Deel: | Just woke up. What price you boys got | Deel: | Just woke up. What price you boys got |
| Cooperman: | I haven't gotten any yet | Cooperman: | I haven't gotten any yet |
| Deel: | Same | Deel: | Same |
| Hennessey: | 7.44 | Hennessey: | 7.44 |
| Hennessey: | I told you she's THIN | Hennessey: | I told you she's THIN |

**MR. HENNESSEY'S REPLY IN SUPPORT OF
EMERGENCY MOTION TO SEVER – PAGE 3**

| Government's Representation of Text Chain | | Actual Text Chain | |
|---|---|---|---|
| Hennessey: | we just need to keep her under 8 today | Hennessey: | we just need to keep her under 8 today |
| Deel: | We slowly add this all day then | Deel: | We slowly add this all day then |
| | | Cooperman: | What happens at 8? |
| | | Cooperman: | Ultra finds it |
| | | Cooperman: | 🤣🤣🤣🤣🤣🤣🤣🤣 |
| | | Hennessey: | Emphasized "We slowly add this all day then" |
| | | Hennessey: | HAHAHAH |
| | | Hennessey: | Maybe |
| | | **Cooperman:** | **Bro do not tell that fool** |
| | | **Cooperman:** | **He's dead to me!** |
| | | **Hennessey:** | **F no we not telling him** |
| | | **Hennessey:** | **Black rock just bought 2% this company btw** |
| | | **Hennessey:** | **An ark** |
| | | **Hennessey:** | **The float says 30 mil** |
| | | **Hennessey:** | **Institutions own 75% of that** |
| | | **Hennessey:** | **Slowly accumulate all day** |
| | | **Deel:** | **Me too** |
| | | Hennessey: | Emphasized "Ok I'll have a mil in by end of day" |
| | | Cooperman: | Don't get hammered tonight and tell everyone MFER |

**MR. HENNESSEY'S REPLY IN SUPPORT OF
EMERGENCY MOTION TO SEVER – PAGE 4**

| Government's Representation of Text Chain | | Actual Text Chain | |
|---|---|---|---|
| | | Cooperman: | hahahahhaa |
| Cooperman: | WE SENDIN SURF TO THE MFING MOON BITCHES!!! | Cooperman: | WE SENDIN SURF TO THE MFING MOON BITCHES!!! |
| | | Deel: | We say nothing |
| | | Hennessey: | Laughed at "Don't get hammered tonight and tell everyone MFER" |
| | | **Hennessey:** | **Laughed at "WE SENDIN SURF TO THE MFING MOON BITCHES!!!"** |
| | | **Hennessey:** | **Someone is bidding up the options too** |
| | | **Hennessey:** | **U guys w PJ?** |
| | | Cooperman: | Nah not yet prolly at lunch time we all meet up |
| | | Hennessey: | Ok sick |
| | | Hennessey: | Keep between 3 of us I'm thinking |
| | | Cooperman: | 100000% |
| Hennessey: | I'll lay the dd out at lunch (on Monday) haha | Hennessey: | Sick I'll lay the dd out at lunch haha |
| | | Cooperman: | This is for Monday ya? |
| | | Cooperman: | Just wanna add slow all day |
| | | Hennessey: | Yes |
| | | Hennessey: | For Monday |
| | | Cooperman: | Ok cool cause you have been know you leave without me you MFER |

**MR. HENNESSEY'S REPLY IN SUPPORT OF**
**EMERGENCY MOTION TO SEVER – PAGE 5**

| Government's Representation of Text Chain | Actual Text Chain | |
|---|---|---|
| | Hennessey: | It seems like it's up a lot bc of price but only up 3% |
| | Hennessey: | Laughed at "Ok cool cause you have been know you leave without me you MFER" |
| | Hennessey: | U dirty mf liar! |
| | **Cooperman:** | **IM JUST SAYIN** |
| | Hennessey: | I might even drop some of it on Sunday night |
| | Cooperman: | ALOT of people have been saying it |
| Hennessey:   Then drop the full kraken at open | Hennessey: | Then drop the full kraken at open |
| | **Hennessey:** | **Laughed at "ALOT of people have been saying it"** |

In addition to misrepresenting the evidence, the government's response completely lacks merit for three reasons. *First*, the government argues that a violation of Mr. Hennessey's Fifth Amendment right to due process is not prejudicial—a position so completely at odds with American jurisprudence that it barely deserves comment. *Second*, the government's claim that two trials would result in a waste of judicial resources is both hyperbolic and not a basis upon which the Court should deny a motion to sever. *And third*, the government's argument that it has provided defendants with the case on a "silver platter," while diversionary, cannot go unaddressed. The government has shifted its case theory and misrepresented its productions, which have been replete with duplication, omissions, and errors.

*First*, the government's conclusory claim that Mr. Hennessey has "not come close to meeting the demanding standard of demonstrating 'the most compelling prejudice'" lacks credence. ECF 377 at 2. Mr. Hennessey demonstrated that a *joint* trial in October 2023 will result in a violation of his Fifth Amendment due process right to a fair trial because his co-defendants' counsel have made it clear that they are not adequately prepared. ECF 365. Nothing could be more prejudicial than the violation of the bedrock constitutional right to due process. *See United States v. Baptiste*, 8 F.4th 30 (1st Cir. 2021). ECF 377.

*Second*, the government's assertion that severing Mr. Hennessey from his co-defendants would result in a "significant waste of judicial and prosecutorial resources" is both baseless and not a basis upon which to deny a severance when a fundamental constitutional right will be violated by a joint trial. Further, showing a text message, tweet, or post (the bulk of the government's evidence) to a jury is a fairly quick process, as would likely be any corresponding testimony. The government's summary statement that two trials would result in a waste of resources is simply not true in light of the important constitutional rights at issue. *Cf. United States v. Romanello*, 726 F.2d 173 (5th Cir. 1984) (holding that considerations of judicial economy did not weigh heavily enough against a severance to prevent one when a severance would only result in two separate trials).

*Finally*, the government's argument that it has provided defendants with the case on a "silver platter," while diversionary, simply cannot go unaddressed because it is so inaccurate. The government has consistently delayed the most basic discovery, amended the allegations against defendants whenever it finds its back against the wall, and even refused to produce exculpatory evidence. By example, the government:

- Refused to produce *any* discovery until over three weeks after defendants were arrested;
- Refused Mr. Hennessey's request for a reverse proffer;

- Refused to identify the stocks that purportedly supported the "$114 million" profit number alleged in the superseding indictment until March 31, 2023;

- Refused to identify the allegedly false statements that form the core of the case until June 15, 2023, *10 days after the Court-imposed deadline to produce the same—see* ECF 290;

- Has produced documents in a scattershot manner where attachments are not linked to their emails, attachments are completely missing, and files are corrupted—*see* ECF 374; and

- Continues to withhold *Brady* materials, *Giglio* materials, and witness statements—*see* ECF Nos. 286, 322, & 328 (Mr. Constantinescu's Motions to Compel *Brady* Material); *see also* ECF 374 (Mr. Hennessey's Motion to Compel *Brady* material, *Giglio* material, and witness statements).

The above list is by no means exhaustive. In fact, the most troubling aspect of this case is how the government has shifted and changed its prosecution, drifting far beyond the allegations in the superseding indictment. For example:

- The superseding indictment charged the defendants with making $114 in allegedly illicit profits. Then, through a purported expert, the government unilaterally amended that allegation to claim that defendants made $121 million;

- The superseding indictment alleges that Mr. Hennessey's statements that he owned stock were false because he *failed to disclose* his alleged intent to sell that stock, but the government then sought to amend that allegation in its response to Mr. Hennessey's Motion to Dismiss, arguing that Mr. Hennessey made *affirmative misstatements*; and

- The government charged defendants with one conspiracy count and 19 substantive counts based on 18 tickers, but then it produced a list of 397 "Episodes," spanning hundreds of other tickers and time frames not mentioned in the superseding indictment, and filed an entirely deficient Rule 404(b) notice in an apparent attempt to drastically expand the case.

The government's most recent example of its now routine shifting is in its current response. According to the government, the argument that defendants must be "prepared to meet the United States' 397 episodes is [] a straw man." ECF 377 at 7. The government claims that it has "no intention to walk the jury through each and every episode[,]" as that would be a waste of time. Instead, the government claims it will simply focus on the 45 Episodes listed at the beginning of

its exhibit list. Thus, the government asserts, defendants need not be prepared to meet the 397 Episodes. *Id.* Yet, one sentence later, the government "reserves the right to put before the jury additional episodes"—i.e., the 397 episodes. *Id.*

In other words, the government disclosed that its expert witness would testify about 397 Episodes; the government now claims it will absolutely offer 45 of those Episodes at trial; and defendants can wait and see if it offers the remaining 352 Episodes. It might, or it might not. But, according to the government, defendants cannot now claim that they must prepare to defend against those 352 remaining Episodes. After all, the government itself has not decided whether it will offer the remaining Episodes into evidence. This is exactly the type of shifting and opaque conduct that has necessitated the motions pending before the Court.[2]

## II.   CONCLUSION

The government's response does nothing to refute the need for a severance in this case. Because a fair *joint* trial is not possible in October, the Court should grant Mr. Hennessey's Motion and allow him to proceed independently to trial. If the Court will not grant a severance, Mr. Hennessey alternatively requests a short continuance.[3]

---

[2] It is likewise staggering that the government is touting its "unprecedented" discovery in this case given that Mr. Hennessey was just forced to file a motion to compel the production of email attachments after the government misrepresented its production several times. *See* ECF 374.

[3] "Short" cannot possibly be construed as a request for a 180-day continuance as counsel for Mr. Rybarczyk suggests. ECF 373.

**MR. HENNESSEY'S REPLY IN SUPPORT OF
EMERGENCY MOTION TO SEVER – PAGE 9**

Respectfully submitted,

**JACKSON WALKER LLP**

*/s/ Laura M. Kidd Cordova*
Laura M. Kidd Cordova
State Bar No. 24128031
lcordova@jw.com
Michael J. Murtha
State Bar No. 24116801
mmurtha@jw.com

1401 McKinney St, Suite 1900
Houston, Texas 77010
(713) 752-4449
(713) 752-4221 (Facsimile)

**ATTORNEYS FOR DEFENDANT
MITCHELL HENNESSEY**

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 29, 2023, a true and correct copy of the foregoing was served electronically on all persons via the Court's CM/ECF system.

                                          */s/ Laura M. Kidd Cordova*
                                          Laura M. Kidd Cordova