IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | § | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | Case No. 22-cr-00612 |
| | § | |
| MITCHELL HENNESSEY, | § | |
| | § | |
| *Defendant*. | § | |

## MITCHELL HENNESSEY'S REPLY IN SUPPORT OF MOTION TO COMPEL

The government must produce all witness statements, yet it categorically states that it will not produce any emails that contain anything but the final, signed version of search or seizure warrant affidavits or expert reports. Emails and attached drafts constitute witness statements in many instances and must be produced. The government's blanket refusal to produce such materials is a violation of its disclosure obligations. Further, Mr. Hennessey intends to demonstrate at trial that the affidavits and reports contain factual inaccuracies, so there is good reason to believe that the drafts and correspondence surrounding the drafts constitute *Giglio* material. Rather than assessing each document to determine whether it is a witness statement and if it contains *Giglio* or *Brady* material, the government simply categorically refuses to produce any such materials.

### I.  ARGUMENT

The government's response contains: (1) an improper blanket refusal to produce *any* emails about the agent's affidavits and the experts' reports unless the emails attach the final, signed version of an affidavit or report; (2) an attempt to minimize its seven-week delay and repeated misrepresentations regarding its production; and (3) and a false accusation that Mr. Hennessey has failed to meet the *upcoming* deadline to produce his exhibit list.

### 1. Emails attaching draft affidavits or reports can constitute witness statements, and such emails must be produced.

The Supreme Court long ago recognized the broad scope of the Jencks Act:

> A defendant on trial in a criminal prosecution is entitled to relevant and competent reports and statements in possession of the Government touching the events and activities as to which a Government witness has testified at trial.

*Goldberg v. United States*, 425 U.S. 94, 104 (1976). Consistent with the broad scope of the Jencks Act, and as seemingly acknowledged by the government's production of some of the FBI case agent's emails, a witness's emails can constitute Jencks material. *See, e.g.*, *United States v. Whitehead*, 165 F. Supp. 3d 281, 284 (E.D. Pa. 2016) ("There is no doubt that emails directly from Witness Two and transcripts of his conversations would qualify as statements under the Jencks Act."); *United States v. Hall*, No. 1:16-cr-050-1, 2017 WL 6527150 (M.D. Pa. Dec. 21, 2017) ("[T]he Government properly disclosed PO Leon's emails . . . as Jencks statements . . . .").

The FBI case agent will certainly testify about "events and activities" contained in the search and seizure affidavits, and the government's experts will certainly testify about the "events and activities" contained in their expert reports. Therefore, their statements regarding those matters, including their statements in emails, are witness statements that are discoverable under the Jencks Act.

The government's argument that any version of an affidavit or expert report other than the final, signed version is not a "statement" under the Jencks Act is unavailing. In rejecting this argument, the Third Circuit logically explained,

> [T]he report draft was at least in a form sufficiently acceptable to the agent that he allowed it to be reviewed by his superior. Therefore, the draft might have been "adopted or approved" by the agent.

**MR. HENNESSEY'S REPLY IN SUPPORT OF**
**MOTION TO COMPEL – PAGE 2**

*United States v. Walden*, 578 F.2d 966, 970 (3d Cir. 1978). Similarly, when an agent or testifying expert witness sends a draft of an affidavit or report to the federal prosecutors leading the investigation for review, logic dictates that it is "in a form sufficiently acceptable to the agent [or expert] that he [or she] allowed it to be review by [the prosecutor,]" and thus, "the draft might have been 'adopted or approved' by the agent [or expert]." *See id.*; *see also United States v. Cole*, No. 1:20-cr-424, 2022 WL 229045, at *4 (N.D. Ohio Jan. 25, 2022) (compelling disclosure of witness's "cover email" and "email attachment [that] is a draft response to FBI questions" on the basis that "the statements, and any changes made before the final version, may have some benefit to [the defendant]").

Mr. Hennessey intends to show at trial that both the lead case agent's affidavits and the government experts' reports contain inaccurate and misleading statements, and therefore, the drafts of those documents likely constitute *Giglio* material.

The government's broad, categorical refusal to produce *any* emails that attach *any* drafts is simply contrary to the law. Therefore, Mr. Hennessey requests that the Court conduct an *in camera* review of these materials to determine which documents contain discoverable witness statements or *Giglio* material and must be produced. *See United States v. Pierce*, 893 F.2d 669, 675 (5th Cir. 1990) ("The district court has a duty to inspect documents *in camera* if a timely request is made by the defense and some indication exists in the record that the notes meet the Jencks Act's definition of a statement.").

### 2. The government seeks to gloss over its late productions and continues to misrepresent its productions.

The government *only* produced the missing attachments *after* Mr. Hennessey filed his motion to compel, despite Mr. Hennessey's repeated requests for the same materials for more than

six weeks. Mr. Hennessey should not have been tasked with asking for these materials. Under the Court's scheduling order, these attachments should have been produced on July 7, 2023. ECF 254.

Once the government finally produced the missing attachments on August 28, it blatantly misrepresented that production, explicitly stating in its cover letter: "We have previously produced these materials to you, so the enclosed production *does not contain any new material*." Ex. A (emphasis added) (highlight in exhibit added). This was false. Only after counsel for Mr. Hennessey emailed the government once again requesting production of the missing attachments, did the government produce a crosswalk of the new production (over 17,500 pages) to the old production. *See* Ex. B. Buried within the 4,226-line Excel spreadsheet attached to the government's email were notes that certain documents had *never* been previously produced. *See id.* The government failed to correct its misrepresentation to defense counsel, only admitting in its response to Mr. Hennessey's motion to compel that its production contained new material while at the same time downplaying the significance of its discovery failures and misrepresentations. *See id.*; ECF 384 at 2.

### 3. The government falsely accuses Mr. Hennessey of not complying with the Court's deadlines.

Finally, the government falsely claims in a public filing that Mr. Hennessey has not complied with the Court's deadlines for production of his exhibit list. The deadline for Mr. Hennessey to produce his exhibit list is *next week*, September 5, 2023. ECF 371 ("ORDERED that Defendants will file their exhibit and witness lists by September 5, 2023."). The government's accusation is therefore unfounded. Mr. Hennessey will continue to comply with the Court's scheduling orders and produce his exhibit and witness lists on September 5.

MR. HENNESSEY'S REPLY IN SUPPORT OF
MOTION TO COMPEL – PAGE 4

## II. CONCLUSION

Mr. Hennessey respectfully requests that the Court grant his motion to compel all emails constituting witness statements or *Giglio* material, including any such emails that contain draft affidavits or expert reports. Given the repeated, documented misrepresentations by the government about its productions, Mr. Hennessey respectfully requests that the Court conduct an *in camera* review of these materials to determine which documents must be produced.

                Respectfully submitted,

**JACKSON WALKER LLP**

*/s/ Laura M. Kidd Cordova*
Laura M. Kidd Cordova
State Bar No. 24128031
lcordova@jw.com
Michael J. Murtha
State Bar No. 24116801
mmurtha@jw.com

1401 McKinney St, Suite 1900
Houston, Texas 77010
(713) 752-4449
(713) 752-4221 (Facsimile)

**ATTORNEYS FOR DEFENDANT
MITCHELL HENNESSEY**

## CERTIFICATE OF SERVICE

  I hereby certify that on September 1, 2023, a true and correct copy of the foregoing was served electronically on all persons via the Court's CM/ECF system.

               */s/ Laura M. Kidd Cordova*
               Laura M. Kidd Cordova