IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| v. | § § | Case No. 22-cr-00612 |
| MITCHELL HENNESSEY, | § § § | |
| *Defendant*. | § | |

**MITCHELL HENNESSEY'S REPLY IN SUPPORT OF
MOTION TO MODIFY CONDITIONS OF RELEASE**

Mitchell Hennessey respectfully files this reply to the government's Response in Opposition (ECF 435)[1] to Mr. Hennessey's Motion to Modify his conditions of release. ECF 426.

The government makes a variety of conclusory statements—none of which justify requiring Mr. Hennessey to continue wearing a GPS monitor in light of the substantial evidence that he is not a flight risk and the availability of less-restrictive conditions. ███████████

███████████████████████████████████████

██████████████████████

1. **Mr. Hennessey is not a flight risk, and the government can cite no evidence to support any claim that he is a flight risk.**

The government makes broad, conclusory, and unsupported statements to argue that continuing GPS monitoring of Mr. Hennessey is necessary. The government claims there has been "no change in circumstances" since the GPS monitor condition was imposed, completely ignoring the changed circumstances set forth Mr. Hennessey's motion. *See* ECF 426. Mr. Hennessey has demonstrated complete compliance with all conditions of pretrial release for 10 months now, and

---

[1] The document is erroneously entitled , "Government's Response in Opposition to Defendant *Rybarczyk's* Renewed Motion to Modify Bond Conditions." (emphasis added).

**MR. HENNESSEY'S REPLY IN SUPPORT OF
MOTION TO MODIFY CONDITIONS OF RELEASE – PAGE 1**

the trial date was recently continued an additional six months—from October 2023 to April 2024. Lacking any concrete basis to justify continuing GPS monitoring, the government: (a) suggests, contrary to the evidence in the government's possession, that Mr. Hennessey made millions of dollars; (b) illogically asserts that the GPS monitor does not interfere with Mr. Hennessey's ability to gain employment; and (c) summarily claims that the government's case against Mr. Hennessey has gotten stronger since indictment. None of these assertions are true, nor do they justify continuing to impose GPS monitoring on Mr. Hennessey.





**MR. HENNESSEY'S REPLY IN SUPPORT OF**
**MOTION TO MODIFY CONDITIONS OF RELEASE – PAGE 2**



**2.    Regardless of the strength of the government's case, Mr. Hennessey is not a flight risk.**

The government makes the bald assertion that its case has gotten stronger since indictment because *other individuals* have pleaded guilty. *See* ECF 435 at 1-2. The government does not articulate how guilty pleas by other individuals make *Mr. Hennessey* a flight risk. Mr. Hennessey has consistently complied with all conditions of release—both before and after any other individual pleaded guilty—and he will continue to do so. The government's view of its case does not and will not change that.



### 4. Conclusion

For the reasons stated, Mr. Hennessey respectfully requests that the Court remove the condition of release requiring Mr. Hennessey to wear a GPS monitor.

Respectfully submitted,

JACKSON WALKER LLP

/s/ Laura M. Kidd Cordova
Laura M. Kidd Cordova
State Bar No. 24128031
lcordova@jw.com
Michael J. Murtha
State Bar No. 24116801
mmurtha@jw.com

1401 McKinney St, Suite 1900
Houston, Texas 77010
(713) 752-4449
(713) 752-4221 (Facsimile)

**ATTORNEYS FOR DEFENDANT
MITCHELL HENNESSEY**

**CERTIFICATE OF SERVICE**

    I hereby certify that on October 6, 2023, a true and correct copy of the foregoing was served electronically on all persons via the Court's CM/ECF system.

                                                             */s/ Laura M. Kidd Cordova*
                                                             Laura M. Kidd Cordova