**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

UNITED STATES OF AMERICA

v.

EDWARD CONSTANTINESCU,          No. 4:22-CR-00612-S
PERRY "PJ" MATLOCK,
JOHN RYBARCZYK,
GARY DEEL,
STEFAN HRVATIN,
TOM COOPERMAN,
MITCHELL HENNESSEY.

**DEFENDANTS' JOINT MOTION FOR**
**RULE 16 DISCOVERY SANCTIONS AND EXCLUSION OF EXHIBITS**

Defendants Mitchell Hennessey, Edward Constantinescu, Perry Matlock, Stefan Hrvatin, and Tom Cooperman jointly submit this motion for Rule 16 discovery sanctions in advance of their imminent April 1, 2024, trial. Defendants respectfully request that the Court prohibit the government from presenting to the jury any purported exhibit that the government itself created out of selective data-points rather than the original underlying documents. The government's recent production of trial exhibits contains hundreds of government-created exhibits that were not produced in their current form during discovery and are riddled with significant errors and inaccuracies. The government now seeks to introduce these government-created exhibits at trial without ever disclosing to Defendants: (1) that these documents were not produced in discovery; nor (2) how the government created the documents.

The government's deliberate tactical decision to create exhibits rather than using originals, and to not produce these documents until January 19, 2024, warrants dismissal of the superseding indictment. At the very least, the government-created exhibits should not be presented to the jury.

They are inadmissible under Federal Rule of Evidence 1002 and were not produced in discovery in violation of both Federal Rule of Criminal Procedure 16 and the Court's Scheduling Order.

## I.   <u>BACKGROUND</u>

On January 19, 2024, the government filed a revised exhibit list and produced 510 of its 535 listed exhibits as well as 60 demonstrative exhibits.[1] ECF 499. Hundreds of the documents on the government's January 19, 2024 exhibit list are documents that were never produced in discovery in direct contravention of the Court's Scheduling Order and Rule 16. *See* ECF 254 (requiring the government to produce all evidence by June 5, 2023).

Not only did the government violate its discovery obligations by not producing these documents earlier, but many of the newly produced documents are government creations, *not actual evidence*, that are filled with substantial errors. These government-created exhibits consist of select data-points extracted from various sources that have been carefully compiled to exclude any potentially exculpatory material contained in the original sources. Further, the government has carefully formatted these exhibits to give the appearance that these exhibits are original evidence, even though they are not. Despite the government's wholesale creation of hundreds of exhibits, the government never disclosed to Defendants: (1) that these documents were not previously produced; or (2) that the government created them.

The government produced these documents on January 19, 2024, and Defendants have spent the last few weeks trying to locate the government-created exhibits in discovery, only to conclude time and again, that many documents marked as government exhibits were never

---

[1] The government's exhibit list includes 25 exhibits (GEX 298–322) described as "Trading Records for [X.X.]," with initials corresponding to individuals listed on the government's witness list. *Compare* ECF 499 (Exhibit List) and ECF 498 (Witness List). The government has not yet produced these 25 exhibits.

<u>JOINT MOTION FOR RULE 16 DISCOVERY SANCTIONS</u>
<u>AND EXCLUSION OF EXHIBITS – PAGE 2</u>

produced in discovery. Instead, time and again, Defendants' investigations have revealed that the government seeks to introduce its own self-created documents as though those documents are evidence.

From January 28 to January 30, 2024, counsel for Mr. Hennessey asked the government to provide production numbers for all of the government's exhibits, explaining that counsel was having difficulty locating the government exhibits in the discovery. *See* Ex. A, Emails between Government & Counsel for Mr. Hennessey. The government refused to provide the file names, repeatedly asserting that it had produced everything—e.g., "Everything is in there[]" and "Everything is there." Then, late in the evening of February 8, 2024, the night before Defendants' motion in limine deadline, the government provided a "chart that indicates relevant native files for exhibits." The chart, however, just lists groups of exhibits and groups of purported "corresponding native files." The chart does not match each exhibit to a native file. Rather, as the examples discussed below demonstrate, the government's chart merely confirms what Defendants' pains-taking investigation had already revealed: the government created its exhibits by compiling select data points rather than using originals, and these government-created documents were not produced in discovery. What is more, the government's February 8, 2024 chart is inaccurate and misleading. In multiple instances, the government lists "corresponding native files" that simply do not contain the text or images found in the government-created exhibits. At this late date, the government either will not or cannot even identify the files it used to create its exhibits.

Many of the government-created documents contain significant errors and omissions, making them unreliable and misleading. The following are just some examples of government-created documents that the government now improperly seeks to introduce as evidence at trial:

1. Government-created Twitter profiles;

2.   Government-created tweets;

3.   Government-created Discord direct-message chains; and

4.   Government-created text message chains.

Examples of each category of improper, inaccurate, and misleading government-created exhibits are provided below.[2]

### 1.      Government-created Twitter profile for Mitchell Hennessey (Gov. Ex. 285)

The government created a purported Twitter profile for Mr. Hennessey out of selective data-points in discovery. *See* Gov. Ex. 285. This government-created profile was not previously produced, and the government has not explained how it created this document. Nor has the government explained why it created a profile rather than introducing the original as Federal Rule of Evidence 1002 requires.

As noted above, after repeated requests, the government finally produced a chart that purports to list the corresponding native files for the government's exhibits. The government's chart lists *four* corresponding native files for Government Exhibit 285, all of which only contain plain text—not a single photo or image, and certainly not the purported Twitter profile marked as Government Exhibit 285. The government's chart raises more questions and answers none. The government's chart makes it clear that the government created its exhibits by compiling pieces of various files, but now, the government either refuses or simply cannot accurately identify what files it used to create its exhibit.

On January 19, 2024, the government produced for the first time a purported Twitter profile of Mr. Hennessey marked Government Exhibit 285.

---

[2] The examples included in this motion relate to Mr. Hennessey, but the issues identified permeate the government's exhibits and impact all Defendants.

**JOINT MOTION FOR RULE 16 DISCOVERY SANCTIONS**
**AND EXCLUSION OF EXHIBITS – PAGE 4**

**January 19, 2024**
**Government Exhibit 285**



The January 19, 2024 Government Exhibit 285 is similar to, but significantly different from, the purported Twitter profile for Mr. Hennessey that the government created and previously produced as Government Exhibit 317 on August 11, 2023. The government did not produce either of these documents in discovery.

**August 11, 2023**
**Government Exhibit 317**



The January 2024 Government Exhibit 285 contains the same photo and banner as the August 2023 Government Exhibit 317 but conspicuously omits the following exculpatory language:

> **Everything is my opinion only.I actively trade positions.Not a pro. Not Financial Advice, probably do the opposite. Read Disclosure [ ] before following.**

Government Exhibit 285 also omits a link to a website containing additional information about Mr. Hennessey and his trading. Mr. Hennessey's actual Twitter profile contained highly exculpatory information. Yet the government selectively omitted that exculpatory language and deliberately chose to create a purported profile that never actually existed.

What is more, neither of these government-created exhibits were in fact Mr. Hennessey's profile during the relevant time-period of the superseding indictment. Instead, Mr. Hennessey's profile, as it appeared alongside a May 19, 2021 Tweet, is below:



WAYBACK MACHINE,

https://web.archive.org/web/20210519205044/https://twitter.com/Hugh_Henne/status/139501466

3268667396 (last visited Feb. 7, 2024).

Again, all of the government's exhibits conspicuously omit the highly exculpatory language

in Mr. Hennessey's profile that appeared alongside each and every one of his tweets:

> **20ish~ All tweets are MY ideas and opinions not advice. I actively trade positions & could be buying or selling any stock mentioned at any time.**

This government-omitted language directly contradicts the government's allegations that

Mr. Hennessey intended to deceive his followers.

Neither of the government-created profiles in either the current Government Exhibit 285

or the previously marked Government Exhibit 317 appear in the government's evidence

production. Both documents include the same purported Bates number: "DOJ-TWITTER-

0000000001," but this number refers to the name of a folder DOJ produced in discovery that

contains 233 separate files, none of which are the government-created exhibits. The government's

February 8, 2024 chart demonstrates that the government selectively gathered data from various

files to create a document that appears to be an original profile when it is not. The government did

not disclose to Defendants that it did this, and now the government either refuses or cannot identify

the source materials for this exhibit.

### 2. Government-created tweets included in Dr. Maria E. Garibotti's chart (Gov. Ex. 10B)

Similarly, the government's witness, Dr. Maria Garibotti, included bits and pieces of

Twitter and Discord data in her charts.[3] The tweets and posts Dr. Garibotti included, however, are

---

[3] Defendants are moving separately to exclude the charts created by Dr. Garibotti on multiple grounds.

not originals, they never actually appeared on Twitter, and they once again suffer from the same selective omission of exculpatory language. Below is a comparison of tweets that Dr. Garibotti selectively pieced together versus the original tweets.

**Government-Created Tweets**
**Gov. Ex. 10B at 14**



**Original Tweets**
**Source: Wayback Machine**



WAYBACK MACHINE,

https://web.archive.org/web/20210519205044/https://twitter.com/Hugh_Henne/status/139501466

3268667396 (last visited Feb. 7, 2024).

The original tweets were accompanied by the exculpatory profile language:

> **20ish~ All tweets are MY ideas and opinions not advice. I actively trade positions & could be buying or selling any stock mentioned at any time.**

This language is conspicuously omitted from each and every entry in Dr. Garibotti's chart.

The government-created entries in Dr. Garibotti's chart also do not include the exculpatory images and links that accompanied Mr. Hennessey's tweets in real-time. As the actual, original tweets demonstrate, Mr. Hennessey conducted in-depth research on stocks and shared that research, along with the source materials, on Twitter and Discord. The fact that Mr. Hennessey shared the source material underlying his research and opinion on a stock directly contradicts the government's theory that he intended to deceive. Mr. Hennessey included this exculpatory information on the very face of the tweets at issue in this case, but the government deliberately created its own version of Mr. Hennessey's tweets that exclude this exculpatory information.

In addition, the original tweets provide important context about the medium in which Mr. Hennessey's tweets were viewed. Mr. Hennessey's tweets were posted amongst the mayhem of Twitter—alongside memes, advertisements, and all manner of other posts. They were not delivered to select individuals in a sterile environment. Context is important in this case. By creating its own version of evidence, however, the government deprives the jury of critical context, not to mention highly exculpatory language.

### 3.      Government-Created Discord Direct Messages (Gov. Ex. 2D)

The government intends to introduce at trial purported Discord direct-message chains that the government created and never produced in discovery. Once again, this is a pervasive issue, but one example is described below.

On January 19, 2024, the government produced for the first time a purported Discord direct-message chain between Mr. Constantinescu and Mr. Hennessey marked as Government Exhibit 2D. The government affixed the same purported Bates label to this document that appears on many of the government exhibits: "DOJ-DISCORD-0000000001_replacement." This purported Bates label does not refer to a specific document or file in the government's production, but rather, it refers to a folder containing over 9,000 files. A search of this folder reveals that this purported direct-message chain was not produced by the government in discovery. Nor was this document produced as part of the government's August 2023 exhibits. Some of the messages contained in Government Exhibit 2D appear in the government's discovery, but the purported direct-message chain the government marked as exhibit 2D does not. The government's February 8 chart lists *nine* corresponding native files for this document, but none of these files contain the direct-message chain reflected in Government Exhibit 2D. Once again, rather than relying on original evidence, the government has created its own version of the evidence by selectively piecing together data. The result is an inaccurate and misleading exhibit, and the government cannot or will not accurately identify the source materials for this exhibit.

The peril of the government's tactic of creating its own versions of evidence rather than relying on original evidence is readily apparent in Government Exhibit 2D. With this exhibit the government is attempting to put in front of the jury a purported direct-message conversation that simply never happened.

**January 19, 2024**
**Government Exhibit 2D**

### Discord Direct Messages:
### Edward Constantinescu (Zack Morris#0001) and
### Mitchell Hennessey (HoodHughBear 🐗 #4034)

| Timestamp | Username | Message |
|---|---|---|
| 07/16/2020 11:54:05 AM | Zack Morris#0001 | found a monster |
| 07/16/2020 11:54:12 AM | HoodHughBear🐗#4034 | Fuck yea |
| 07/16/2020 11:54:17 AM | Zack Morris#0001 | u ready |
| 07/16/2020 11:54:21 AM | Zack Morris#0001 | we dont even need to call itg |
| 07/16/2020 11:54:28 AM | Zack Morris#0001 | i loveeee it |
| 07/16/2020 11:54:32 AM | Zack Morris#0001 | and the price too |
| 07/16/2020 11:54:36 AM | HoodHughBear🐗#4034 | Ok sick |
| 07/16/2020 11:54:39 AM | HoodHughBear🐗#4034 | Yea |
| 07/16/2020 11:54:40 AM | Zack Morris#0001 | https://seekingalpha.com/instablog/50857529-johnsoriaknows/5465575-ontx-new-covidminus-19-play-and-phase-3-blockbuster-cancer-drug-pivotal-cancer-survival-data |
| 07/16/2020 11:55:56 AM | HoodHughBear🐗#4034 | Hahaha f yea |
| 07/16/2020 11:56:11 AM | HoodHughBear🐗#4034 | U got ur chunk? |
| 07/16/2020 11:56:32 AM | HoodHughBear🐗#4034 | I have an email to them |
| 07/16/2020 12:02:05 PM | Zack Morris#0001 | ya |
| 07/16/2020 12:03:24 PM | HoodHughBear🐗#4034 | I'm taking a lot on the walls |
| 07/16/2020 12:03:34 PM | Zack Morris#0001 | i got 400k |

DOJ-DISCORD-0000000001_replacement

GOVERNMENT
EXHIBIT
**2D**
4:22-cr-612

In contrast, the direct-message chain the government produced in discovery is below.

| channel_id | message_id | timestamp-utc | author_id | username | message |
|---|---|---|---|---|---|
| 690023813630656513 | 733350756211490919 | 2020-07-16 15:54:05 | 199991020434358272 | Zack Morris#0001 | found a monster |
| 690023813630656513 | 733350785357840436 | 2020-07-16 15:54:12 | 47296742957252260 95 | HoodHughBear🐗#4034 | Fuck yea |
| 690023813630656513 | 733350806774087690 | 2020-07-16 15:54:17 | 199991020434358272 | Zack Morris#0001 | u ready |
| 690023813630656513 | 733350822506921985 | 2020-07-16 15:54:21 | 199991020434358272 | Zack Morris#0001 | we dont even need to call itg |
| 690023813630656513 | 733350885283070021 | 2020-07-16 15:54:36 | 47296742957252260 95 | HoodHughBear🐗#4034 | Ok sick |
| 690023813630656513 | 733350900600406077 | 2020-07-16 15:54:39 | 47296742957252260 95 | HoodHughBear🐗#4034 | Yea |
| 690023813630656513 | 733350904891179039 | 2020-07-16 15:54:40 | 199991020434358272 | Zack Morris#0001 | https://seekingalpha.com/instablog/50857529-johnsoriaknows/5465575-ontx-new-covidminus-19-play-and-phase-3-blockbuster-cancer-drug-pivotal-cancer-survival-data |
| 690023813630656513 | 733351221099888661 | 2020-07-16 15:55:56 | 47296742957252260 95 | HoodHughBear🐗#4034 | Hahaha f yea |
| 690023813630656513 | 733351286220783716 | 2020-07-16 15:56:11 | 47296742957252260 95 | HoodHughBear🐗#4034 | U got ur chunk? |
| 690023813630656513 | 733351372724109379 | 2020-07-16 15:56:32 | 47296742957252260 95 | HoodHughBear🐗#4034 | I have an email to them |
| 690023813630656513 | 733352771507716237 | 2020-07-16 16:02:05 | 199991020434358272 | Zack Morris#0001 | ya |
| 690023813630656513 | 733353101200982078 | 2020-07-16 16:03:24 | 47296742957252260 95 | HoodHughBear🐗#4034 | I'm taking a lot on the walls |
| 690023813630656513 | 733353144976670811 | 2020-07-16 16:03:34 | 199991020434358272 | Zack Morris#0001 | i got 400k |

The government-created exhibit, which it produced for the first time on January 19, 2024, contains the following two messages that are simply not part of the direct-message chain produced in discovery:

| 07/16/2020 11:54:28 AM | Zack Morris#0001 | i loveeee it |
| 07/16/2020 11:54:32 AM | Zack Morris#0001 | and the price too |

This is just one example. Defendants' review of the January 19, 2024 government exhibits has revealed that numerous government-created exhibits are significantly inaccurate when compared to the data the government produced in discovery.[4] The government did not disclose that it created these exhibits, much less, how these exhibits were created. Nor did the government produce these government-created versions of evidence in discovery. And again, the government's February 8, 2024 chart demonstrates that the government either will not or cannot accurately identify the files from which the government selected data to create this exhibit.

### 4. Government-Created Text Messages (Gov. Ex. 10B & 10D)

The government also intends to introduce at trial purported text message chains that it created and never produced in discovery. The government produced raw data contained on the phones it seized from Mr. Knight and Mr. Deel. The government did not produce any actual forensic reports of these text-message chains.

Apparently, in preparing for trial, the government selectively chose specific text messages—not entire chains—to include in the government-created exhibits. The government then arranged and formatted the messages it selected to create an exhibit that would appear to be an original text-message chain, even though it is not. The government-created text-message chains are not consistent with the raw data the government produced, and the government has not even

---

[4] The government also altered the time stamp of the messages without notifying Defendants of this alteration.

disclosed that it created these text-message chains, much less, how the government created them. These government-created text-message chains suffer from similar errors seen in the Discord direct-messages and are unreliable, inaccurate, and misleading.

Below is a description of just one purported text-message chain (Government Exhibit 10D) that the government created and produced on August 11, 2023, and then altered, and reproduced—without any disclosure of those alterations to Defendants—on January 19, 2024.

On August 11, 2023, the government produced for the first time a purported text-message chain between Mr. Deel, Mr. Cooperman, and Mr. Hennessey. The government marked this document Government Exhibit 10D and affixed the purported Bates label DOJ-DEEL-0000000001. The Bates label does not refer to a specific document or file. Rather, the Bates label is the folder name for the government's production containing *all* the raw data the government selected from Mr. Deel's phone for production. The government did not produce in discovery any records that look like the documents the government has labeled "Text Group Messages" and marked Government Exhibit 10D. Dr. Garibotti also included this purported text-message chain in her chart, which the government labeled Government Exhibit 10B.

On August 28. 2023, in response to Mr. Hennessey's motion to sever, the government publicly filed Dr. Garibotti's chart, labeled Government Exhibit 10B. *See* ECF 377. This chart included the same government-selected messages contained in Government Exhibit 10D and excluded several exculpatory messages Mr. Hennessey sent in the middle of the chain. As Mr. Hennessey pointed out in August 2023 in his reply brief, the government's selective removal of exculpatory messages in the middle of the chain made the government's exhibit both inaccurate and misleading. *See* ECF 380. Even though Mr. Hennessey pointed out the government's serious

omissions in August 2023, the government never responded. The government neither corrected its

exhibit, nor did it ever produce a report of the actual text-message chain.

On January 19, 2024, the government produced new exhibits. This time, the government

produced a new version of the same purported text message chain, which it once again marked as

Government Exhibit 10D and labeled with the exact same Bates label DOJ-DEEL-0000000001.

On the first page, the January 19, 2024 version of Government Exhibit 10D appears to be the same

as the August 11, 2023 version of the exhibit. The government did not disclose, however, that it

significantly altered the purported text-message chain contained in Government Exhibit 10D.



Despite being marked with the exact same exhibit number and exact same Bates number,

the documents are significantly different. Below is a side-by-side comparison of the

January 19, 2024 and August 11, 2023 text-message chains.

| January 19, 2024<br>Government Exhibit 10D | August 11, 2023<br>Government Exhibit 10D |
|---|---|
| Mitch<br>we just need to keep her under 8 today<br>05/14/2021 10:06:11 AM | Mitchell Hennessey<br>we just need to keep her under 8 today<br>05/14/2021 10:06:11 AM |
| Gary Deel<br>We slowly add this all day then<br>05/14/2021 10:06:14 AM | Gary Deel<br>We slowly add this all day then<br>05/14/2021 10:06:14 AM |
| Tommy Cooperman<br>What happens at 8?<br>05/14/2021 10:07:30 AM | Tommy Cooperman<br>What happens at 8?<br>05/14/2021 10:07:30 AM |
| Tommy Cooperman<br>Ultra finds it<br>05/14/2021 10:07:36 AM | Tommy Cooperman<br>Ultra finds it<br>05/14/2021 10:07:36 AM |
| Tommy Cooperman<br>😀😀😀😀😀😀😀😀<br>05/14/2021 10:07:39 AM | Tommy Cooperman<br>😀😀😀😀😀😀😀😀<br>05/14/2021 10:07:39 AM |
| Mitch<br>Emphasized "We slowly add this all day then"<br>05/14/2021 10:07:45 AM | Mitchell Hennessey<br>Emphasized "We slowly add this all day then"<br>05/14/2021 10:07:45 AM |
| Mitch<br>HAHAHAH<br>05/14/2021 10:07:47 AM | Mitchell Hennessey<br>HAHAHAH<br>05/14/2021 10:07:47 AM |
| Mitch<br>Maybe<br>05/14/2021 10:07:48 AM | Mitchell Hennessey<br>Maybe<br>05/14/2021 10:07:48 AM |
| Tommy Cooperman<br>Bro do not tell that fool<br>05/14/2021 10:07:58 AM | |
| Tommy Cooperman<br>He's dead to me!<br>05/14/2021 10:08:02 AM | |
| Mitch<br>F no we not telling him<br>05/14/2021 10:08:19 AM | |
| Mitch<br>Black rock just bought 2% this company btw<br>05/14/2021 10:08:30 AM | |
| Mitch<br>An ark<br>05/14/2021 10:08:31 AM | |
| Mitch<br>The float says 30 mil<br>05/14/2021 10:08:39 AM | |
| Mitch<br>Institutions own 75% of that<br>05/14/2021 10:08:45 AM | |

| January 19, 2024<br>Government Exhibit 10D | August 11, 2023<br>Government Exhibit 10D |
|---|---|



| January 19, 2024<br>Government Exhibit 10D | August 11, 2023<br>Government Exhibit 10D |
|---|---|



| January 19, 2024<br>Government Exhibit 10D | August 11, 2023<br>Government Exhibit 10D |
|---|---|
| Tommy Cooperman<br>ALOT of people have been saying it<br>05/14/2021 10:20:11 AM<br><br>Mitch<br>Then drop the full kraken at open<br>05/14/2021 10:20:14 AM<br><br><br>*Text-message chain continues for five additional pages. | Tommy Cooperman<br>ALOT of people have been saying it<br>05/14/2021 10:20:11 AM<br><br>Mitchell Hennessey<br>Then drop the full kraken at open<br>05/14/2021 10:20:14 AM<br><br><br>*Text-message chain ends. |

The January 19, 2024 version of the text-message chain includes numerous messages that were not included in the August 2023 exhibit, but the government never disclosed these alterations. It appears that the government only corrected its August 2023 version of this exhibit because Mr. Hennessey publicly pointed out the significant errors in August 2023. Nonetheless, even after August 2023, the government never produced the new version of the purported text-message chain until January 19, 2024. The government's February 8 chart lists "(0x9781F19)" as the "corresponding native file" for Government Exhibit 10D. This data file contains a compilation of text messages that the government selected for production from Mr. Deel's phone. The government never produced an actual forensic report of the text-message chain. Rather, the government apparently selected specific messages from this file to include in its exhibits, and has now produced two very different versions of this text-message chain.

Rather than disclose that it made significant modifications to its exhibits, the government formatted both versions of Government Exhibit 10D so that they appear to be original screen-shots of actual text messages. It then affixed the exact same exhibit number and Bates number to both versions of the text-message chain. The government chose: (1) not to disclose that it had altered

its exhibits; and (2) to mark the exhibits identically so that they would appear to be the same document even though they are not.

What is more, on January 19, 2024, the government produced, as Government Exhibit 10B, a chart created by Dr. Garibotti that contains the text messages in the August 11, 2023 version of Government Exhibit 10D and omits the highly exculpatory messages from Mr. Hennessey that now appear on the January 19, 2024 version of Government Exhibit 10D.

### January 19, 2024
### Government Exhibit 10B at

| Date | Time | Message |
|------|------|---------|
| 05/14/2021 | 10:07:30 AM | From: Cooperman (+13108662902)<br>To: Deel (+12764550323), Hennessey (+16092841702)<br>What happens at 8? |
| 05/14/2021 | 10:07:36 AM | From: Cooperman (+13108662902)<br>To: Deel (+12764550323), Hennessey (+16092841702)<br>Ultra finds it |
| 05/14/2021 | 10:07:39 AM | From: Cooperman (+13108662902)<br>To: Deel (+12764550323), Hennessey (+16092841702)<br>😂😂😂😂😂😂😂 |
| 05/14/2021 | 10:07:45 AM | From: Hennessey (+16092841702)<br>To: Deel (+12764550323), Cooperman (+13108662902)<br>Emphasized "We slowly add this all day then" |
| 05/14/2021 | 10:07:47 AM | From: Hennessey (+16092841702)<br>To: Deel (+12764550323), Cooperman (+13108662902)<br>HAHAHAH |
| 05/14/2021 | 10:07:48 AM | From: Hennessey (+16092841702)<br>To: Deel (+12764550323), Cooperman (+13108662902)<br>Maybe |
| 05/14/2021 | 10:18:26 AM | From: Cooperman (+13108662902)<br>To: Deel (+12764550323), Hennessey (+16092841702)<br>Nah not yet prolly at lunch time we all meet up |
| 05/14/2021 | 10:18:39 AM | From: Hennessey (+16092841702)<br>To: Deel (+12764550323), Cooperman (+13108662902)<br>Ok sick |
| 05/14/2021 | 10:18:48 AM | From: Hennessey (+16092841702)<br>To: Deel (+12764550323), Cooperman (+13108662902)<br>Keep between 3 of us I'm thinking |
| 05/14/2021 | 10:18:55 AM | From: Cooperman (+13108662902)<br>To: Deel (+12764550323), Hennessey (+16092841702)<br>100000% |

Government Exhibit 10B excludes several exculpatory messages from Mr. Hennessey between 10:07 and 10:18 a.m. (indicated with a red arrow above). The government never disclosed, and the exhibit itself does not indicate, that those messages were excluded from the purported text-message chain displayed in Government Exhibit 10B. The messages the government omitted are significant because they directly contradict the government's theory in

this case. In the omitted messages, Mr. Hennessey tells Mr. Cooperman and Mr. Deel why he thinks this is a good stock to buy:

- Large institutional investor BlackRock just bought 2% of the company;

- Another large institutional investor, Ark, also bought shares;

- The company has a float of 30 million and institutional investors own 75% of the float; and

- Options are being bid up.

The government did not disclose that it omitted this material from Government Exhibit 10B, nor has Dr. Garibotti explained how she decided which text messages to include in the chart and which messages to omit.

This is just one example of the inaccurate and misleading purported text-message chains the government has created and marked as exhibits without ever producing the purported text-message chain in discovery. These government-created versions of evidence are inaccurate and misleading and should not be presented to the jury.

## II.   <u>LEGAL STANDARD</u>

The newly produced government-created exhibits should be precluded under both Federal Rule of Criminal Procedure 16 and Federal Rule of Evidence 1002.

### A.  **Federal Rule of Criminal Procedure 16**

When a party fails to disclose evidence in compliance with Rule 16, the court may enter any order "that is just under the circumstances." FED. R. CRIM. P. 16(d)(2)(D). Courts exercise broad discretion over the imposition of discovery sanctions, so long as they "carefully weigh several factors." *United States v. Swenson*, 894 F.3d 677, 684 (5th Cir. 2018) (quoting *United States v. Garrett*, 238 F.3d 293, 298 (5th Cir. 2000)). Those factors are: "1) the reasons why disclosure was not made; 2) the amount of prejudice to the opposing party; 3) the feasibility of

curing such prejudice with a continuance of the trial; and 4) any other relevant circumstances." *Id.* (quoting *Garrett*, 238 F.3d at 298).

**B. Federal Rule of Evidence 1002**

Pursuant to Rule 1002 of the Federal Rules of Evidence: "An original writing, recording, or photograph is required in order to prove its content unless these rules or a federal statute provides otherwise."

## III.    ARGUMENT

All government-created exhibits should be excluded under both Federal Rule of Criminal Procedure 16 and Federal Rule of Evidence 1002. The Rule 16 factors weigh heavily in favor of exclusion, and even dismissal: (1) the government has provided no explanation for its failure to produce hundreds of documents now marked as exhibits; (2) the prejudice to Defendants is significant; (3) this case has been pending for over a year, and any continuance at this point would be wholly inappropriate; and (4) the government's deliberate tactic of creating its own misleading versions of evidence and then providing Defendants inaccurate information about the "corresponding native files" for those exhibits is deeply troubling and should not be countenanced.

*First*, the government has not provided any explanation whatsoever for why it chose not to produce in discovery the documents it has now marked as exhibits. Rather, on January 19, 2024, the government produced over 500 trial exhibits without disclosing that: (1) the government itself created many of these exhibits; (2) these exhibits contain versions of purported text-message and direct-message chains that the government did not produce in discovery; and (3) these exhibits differ from the hundreds of exhibits the government produced in August 2023. The government did not disclose its failure to produce, much less provide any justification for the nondisclosure.

The government still has not acknowledged its failure to produce these documents nor provided any justification for its production failure. And there is no justification. This case has been pending for over a year, and the government has had plenty of time to collect and produce admissible evidence.

The government's failure to produce the documents comprising its exhibits appears to be a deliberate tactic rather than the result of an innocent mistake or oversight. The government's carefully worded assertions about its exhibits in August 2023 demonstrate that this has been a calculated strategy. On August 18, 2023, the government told the Court: "[T]he United States' trial exhibits are not comprised of materials the government did not previously produce to the defense . . ." and "The United States' exhibits are materials . . . from information that has been in Defendants' possession for months"). ECF 357 at 2 (internal quotation marks and emphasis omitted). The government may have produced the raw data that it used to selectively compile its exhibits in discovery, but as set forth above, the government never produced the inaccurate and misleading compilations that the government now seeks to introduce at trial.

*Second*, the government's nondisclosure is highly prejudicial to Defendants. The government's tactical decision to produce over 500 new exhibits without even disclosing to Defendants that the government had changed the content of exhibits marked with exhibit and Bates numbers identical to the August 2023 versions is demonstrably prejudicial. Counsel have had to review each page of each newly produced document and compare it to the August 2023 exhibit. Because the government chose not to affix accurate Bates labels to these documents, Defendants have also had to search the discovery to find the underlying data the government used to create its exhibits and carefully compare the underlying data to the government-created exhibits. This

painstaking, time-consuming review has repeatedly revealed significant and prejudicial errors in the government-created exhibits.

Defendants have spent hundreds of hours simply reviewing the newly produced government-created exhibits for accuracy rather than focusing their efforts on preparing to meet the substantive charges in this case. Such diversion of resources is a significant prejudice to Defendants, especially at this stage of the case with an imminent trial date of April 1, 2024.

*Third and fourth*, a continuance is not appropriate and while dismissal is warranted, at the very least, a complete exclusion of all government-created exhibits is the only possible alternative remedy for such egregious behavior. The government's conduct must not be countenanced, nor should the government be provided additional time to attempt to correct or change its error-riddled, manufactured exhibits.

Mr. Hennessey has asserted his right to a speedy trial. His life has been on hold for more than a year with this case pending, and he is eager to go to trial and clear his name. The Court continued the October 2023 trial setting on the motion of Mr. Hennessey's co-defendants, who argued that they could not be ready for trial in October due to the government's numerous discovery violations. The government has had the intervening time to correct its prior exhibits and produce the documents it intends to use at trial, but instead, the government deliberately chose not to. As the last continuance evidenced, another continuance will not fix this issue.

Even if the government were able to correct the exhibits it created, they would still be inadmissible. The government has not and cannot provide any justification for introducing its own created exhibits rather than the originals that are readily available. *See* FED. R. EVID. 1002.

The government's conduct is both deliberate and egregious. Complete dismissal of the charges with prejudice would be appropriate, and at the very minimum, the government must not

be allowed to present to the jury exhibits that the government itself created, are inaccurate and misleading, and were never produced in discovery. *See, e.g.*, *United States v. Omni Intern. Corp.*, 634 F. Supp. 1414 (D. Md. 1986) (dismissing indictment where prosecutors altered documents that were produced to defendants without highlighting what had been changed); *United States v. de Leon*, 627 F. Supp. 3d 682 (W.D. Tex. 2022) (suppressing testimony where agent's delay in requesting and obtaining potentially exculpatory evidence from another government agency resulted in the destruction of that potentially helpful evidence).

Dismissal of an indictment is appropriate where, as here, the prosecutors' actions undermine the integrity of the judicial system. *See Omni Intern. Corp.*, 634 F. Supp. at 1423–26. In *Omni*, the government slightly altered the wording in several interview memoranda after the defendants filed a motion to dismiss. The motion to dismiss was based on the government's alleged violation of the attorney-client privilege, and the alterations to the interview memoranda seemed designed to give "[t]he appearance of sensitivity to attorney-client privilege questions…." *Id.* at 1425. The court noted, "Although none of the . . . changes are earth-shattering, they do involve matters of substance[,]" and "[s]ubtle shifts in tone . . . could have been significant to the Court." *Id.* The court

> condemn[ed] the practice of altering and revising documents once the matter is in litigation without disclosure that such an alteration had occurred. The impropriety was not corrected by providing the underlying notes and preexisting memoranda under pressure during the course of these proceedings; it was wrong for Government personnel to so act, and the Government's action was aggravated by its reticence in stating what had been done.

*Id.* The court dismissed the indictment, finding the government's conduct deeply troubling.

Like the conduct in *Omni Intern. Corp.*, the government's actions here are deeply troubling and must be strongly condemned.

## IV.   <u>CONCLUSION</u>

Defendants respectfully request that the Court either dismiss the indictment with prejudice, or, alternatively, prohibit the government from presenting to the jury any government-created exhibit as well as any exhibit not produced in discovery.

Respectfully submitted,

**JACKSON WALKER LLP**

<u>*/s/* Laura M. Kidd Cordova</u>
Laura M. Kidd Cordova
State Bar No. 24128031
lcordova@jw.com
Michael J. Murtha
State Bar No. 24116801
mmurtha@jw.com

1401 McKinney St, Suite 1900
Houston, Texas 77010
(713) 752-4449
(713) 752-4221 (Facsimile)

**ATTORNEYS FOR DEFENDANT**
**MITCHELL HENNESSEY**

**FORD O'BRIEN LANDY, LLP**

/s/ Matthew A. Ford
Matthew A. Ford
Texas Bar No. 24119390
mford@fordobrien.com
Jamie Hoxie Solano
Admitted Pro Hac Vice
jsolano@fordobrien.com
Stephen R. Halpin III
S.D. Tex. Bar No. NY5944749
shalpin@fordobrien.com
3700 Ranch Road 620 South, Suite B
Austin, Texas 78738
Telephone: (512) 503-6388
Facsimile: (212) 256-1047

*Attorneys for Defendant*
*Edward Constantinescu*

**ASHCROFT SUTTON REYES, LLC**

/s/ Luis A. Reyes
Luis A. Reyes
lreyes@ashcroftlawfirm.com
Texas Bar No. 90001831
Johnny Sutton
jsutton@ashcroftlawfirm.com
Texas Bar No. 19534250
Alexander E. Brown
abrown@ashcroftlawfirm.com
Texas Bar No. 24099270
919 Congress Ave., Ste. 1325
Austin, TX 78701
Phone: (512) 370-1800
Facsimile: (512) 397-3290

*Attorneys for Defendant*
*PJ Matlock*

**CARLOS M. FLEITES, P.A.**

/s/ Carlos M. Fleites
CARLOS M. FLEITES, P.A.
Cmfleites@mylawyr.com
FL. Bar No.: 0370850
407 Lincoln Road, Suite 12-E
Miami Beach, Florida 33139
Tel: (305) 672-8434
Fax: (305) 534-7087

*Attorney for Defendant*
*Stefan Hrvatin*

**CHIP LEWIS LAW**

/s/ Chip Lewis
Chip Lewis
Chip@chiplewislaw.com
Federal ID#24313
Erin Epley
Inger Chandler
1207 S. Shepherd Dr.
Houston, Texas 77019
Telephone: (713) 523-7878

*Attorneys for Defendant*
*Tom Cooperman*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on February 9, 2024, a true and correct copy of the foregoing was served electronically on all persons via the Court's CM/ECF system.

<u>*/s/* Laura M. Kidd Cordova</u>
Laura M. Kidd Cordova