IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| v. | § § § | Case No. 4:22-cr-00612 |
| EDWARD CONSTANTINESCU, PERRY "PJ" MATLOCK, JOHN RYBARCZYK, GARY DEEL, STEFAN HRVATIN, TOM COOPERMAN, MITCHELL HENNESSEY. | § § § § § § § § | |

## MR. HENNESSEY'S THIRD MOTION TO DISMISS THE SUPERSEDING INDICTMENT WITH PREJUDICE

Mr. Hennessey respectfully requests that the Court dismiss the Superseding Indictment **with prejudice**. As stated during the hearing today, dismissal is required under *Ciminelli* and *Greenlaw* because the Superseding Indictment wholly fails to allege that Mr. Hennessey intended to deprive anyone of a traditional property interest. *See United States v. Ciminelli*, 598 U.S. 306 (2023); *United States v. Greenlaw*, 84 F.4th 325 (5th Cir. 2023). Dismissal with prejudice is required because the government's flagrant conduct has resulted in substantial prejudice, as demonstrated below:

1. The government has severely violated Mr. Hennessey's Fifth Amendment due process rights by constructively amending the charges against him multiple times, requiring him to expend substantial amounts of time and resources to refute charges that are in fact not cognizable under the law;

2. Mr. Hennessey's Sixth Amendment right to a speedy trial has been violated despite his repeated requests to go trial as he has sat under the cloud of indictment for over 15 months;

3. The government seeks to introduce evidence of alleged wrongdoing beyond the 54 trial episodes, despite its frequent promises to the contrary, yet it never even sought to obtain *Brady* materials related to those episodes from the SEC or FINRA;

4. The government has refused to produce *Jencks* material related to its expert reports and agent affidavits; &

5. The government manipulated the evidence to create exhibits out of selective data-points rather than producing and relying on actual evidence—*see* ECF 531.

For all these reasons, dismissal with prejudice is required. *See United States v. Swenson*, 894 F.3d 677, 685 (5th Cir. 2018); *United States v. Omni Intern. Corp.*, 634 F. Supp. 1414 (D. Md. 1986); *United States v. Bundy*, 406 F. Supp. 3d 932 (D. Nev. 2018), *aff'd*, 968 F.3d 1019 (9th Cir. 2020).

Respectfully submitted,

**JACKSON WALKER LLP**

*/s/* Laura M. Kidd Cordova
Laura M. Kidd Cordova
State Bar No. 24128031
lcordova@jw.com
Michael J. Murtha
State Bar No. 24116801
mmurtha@jw.com

1401 McKinney St, Suite 1900
Houston, Texas 77010
(713) 752-4449
(713) 752-4221 (Facsimile)

**ATTORNEYS FOR DEFENDANT
MITCHELL HENNESSEY**

**CERTIFICATE OF SERVICE**

    I hereby certify that on March 20, 2024, a true and correct copy of the foregoing was served electronically on all persons via the Court's CM/ECF system.

                                                */s/* Laura M. Kidd Cordova
                                                Laura M. Kidd Cordova