**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| v. | § § | Case No. 22-cr-00612 |
| MITCHELL HENNESSEY, | § § § § | |
| *Defendant*. | § | |

**MITCHELL HENNESSEY'S RESPONSE IN OPPOSITION TO**
**GOVERNMENT'S MOTION TO REINSTATE CONDITIONS OF RELEASE**

Defendant Mitchell Hennessey opposes the government's "Motion for [sic] To Reinstate Conditions of Release" (ECF 753), which fails to articulate an accurate or reasonable basis to further restrict Mr. Hennessey's liberty. The case against Mr. Hennessey has been pending for over three and a half years, and during that time, Mr. Hennessey has demonstrated unequivocally that he is neither a flight risk nor a danger to the community.

The government's requests to further restrict Mr. Hennessey's liberty are both unnecessary and overly burdensome. The government requests (1) that the U.S. Marshals take custody of Mr. Hennessey's passport—which is already in the custody of Mr. Hennessey's counsel, (2) that Mr. Hennessey be prohibited from promoting stocks or other financial instruments—which he is not doing, and (3) that the Court impose unidentified "boilerplate conditions"—which, despite Mr. Hennessey's requests, the government has refused to identify.

The government's motion should be denied because (1) additional conditions of release are not necessary or appropriate under 18 U.S.C. § 3142; (2) the government's motion, riddled with inaccurate factual statements, fails to articulate a basis to impose additional unnecessary and overly

burdensome restrictions on Mr. Hennessey; and (3) the government waived its motion by failing to comply with the Local Rules for the Southern District of Texas.

**I.      Mr. Hennessey is not a flight risk or a danger to the community, so pursuant to 18 U.S.C. § 3142, no additional conditions are appropriate.**

The government fails to cite any legal basis to support its motion and completely ignores the legal requirements for imposing bond conditions under 18 U.S.C. § 3142. Engaging in such analysis quickly demonstrates that no additional bond conditions are appropriate for Mr. Hennessey. The government is not requesting any bond (*see* ECF 753), and Mr. Hennessey should be released on personal recognizance pursuant to 18 U.S.C. § 3142(a) and (b). Section 3142(b) provides that a "judicial officer *shall* order the pretrial release of the person on personal recognizance . . . subject to the condition that the person not commit a Federal, State, or local crime during the period of release . . . unless the judicial officer determines that such release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community." 18 U.S.C. § 3142(b).

The government has not argued, much less demonstrated, that Mr. Hennessey's release on personal recognizance will not reasonably assure his appearance or will endanger the safety of another person.

> If the judicial officer determines that the release described in subsection (b) will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community, such judicial officer shall order the pretrial release of the person . . . subject to the least restrictive further condition, or combination of conditions, that such judicial officer determines will reasonably assure the appearance of the person as required and the safety of any other person and the community[.]

18 U.S.C. § 3142(c). The government has not even attempted to explain how its requested restrictions are "the least restrictive" conditions required to reasonably assure Mr. Hennessey's appearance and protect the community.

First, there is no question that Mr. Hennessey will appear as required for all proceedings in this matter, and the government does not argue otherwise. Mr. Hennessey has always appeared as required, and he has been asking for a trial for the last three and a half years. *See* ECF 759. The government has not claimed that Mr. Hennessey is a flight risk, and the only additional restrictions it seeks to add are (1) that Mr. Hennessey's passport be maintained by the U.S. Marshals rather than Mr. Hennessy's counsel—a distinction without a practical difference other than increasing the delay if the Court orders Mr. Hennessey's passport returned and adding to the administrative burden on the U.S. Marshals; and (2) that Mr. Hennessey refrain from applying for a new passport—which he already agrees to do.

Second, Mr. Hennessey is not a danger to the community, and the government does not argue that he is. As discussed in detail below, the government makes false statements in its motion about a newsletter that Mr. Hennessey publishes and a meme coin that bears his X-handle name, insinuating that his conduct since the superseding indictment was dismissed is somehow nefarious or similar to the conduct alleged in the superseding indictment. *See* ECF 753 at 6. But stripping away the government's false claims, the government has not cited a single fact that could indicate Mr. Hennessey poses any threat at all to the community.

Because an analysis under 18 U.S.C. § 3142 demonstrates that the government's requested additional conditions are not necessary to assure Mr. Hennessey's appearance or protect the community—much less, the "least restrictive" conditions necessary—the government's motion should be denied.

**II.    The government's motion contains multiple inaccurate and misleading statements.**

The government's motion contains multiple inaccurate and misleading statements, including that (1) Mr. Hennessey was previously released on a secured bond (ECF 753 at 3), (2) Mr. Hennessey "failed to mention" his prior bond conditions on a passport application (*id.* at 5); (3) Mr. Hennessey maintains a newsletter "promoting yet another paid trading platform" (*id.* at 6); and (4) Mr. Hennessey launched a meme coin (*id.*).

1.    The government inaccurately claims that Mr. Hennessey was released on a secured bond.

The government inaccurately claims that Mr. Hennessey was previously released on a "secured bond[] of . . . no less than $100,000." *See id.* at 3. This is false. Mr. Hennessey was previously released on an unsecured appearance bond. ECF 186 at 1. The government does not request a bond of any kind for Mr. Hennessey. *See* ECF 753.

2.    The government misleadingly claims that Mr. Hennessey "failed to mention" his prior bond conditions in his passport application.

The government claims, with no basis whatsoever, that Mr. Hennessey "failed to mention" his prior bond conditions when he applied for a passport. *Id.* at 5. Mr. Hennessey was not subject to any conditions of release when he applied for a passport. *See id.* Yet the government suggests that Mr. Hennessey should have somehow disclosed that previously he had been restricted from applying for a new passport. *Id.* The government's argument is misleading. The government fails to mention that the passport application includes no question or field that requests disclosure of Mr. Hennessey's prior bond conditions. *See* Ex. A, U.S. Department of State, *Application for a U.S. Passport*, Form DS-11, https://eforms.state.gov/Forms/ds11_pdf.PDF. The government does not dispute that Mr. Hennessey accurately filled out the form. *See* ECF 753 at 5. The government

4

nonetheless claims that Mr. Hennessey's application is "concerning." But the government does not argue or even suggest that Mr. Hennessey is a flight risk. He is not.

At the May 8, 2026, status conference, the Court ordered defense counsel to take possession of defendants' passports. That same day, Mr. Hennessey, who lives in New Jersey, mailed his old passport to his counsel in Houston. Mr. Hennessey's counsel maintains possession of that passport and will do so until otherwise ordered by the Court. Mr. Hennessey has not received a new passport, but if he does, he will, as he always has, comply with the Court's order and provide that passport to his counsel. In addition, Mr. Hennessey agrees not to submit any new passport application while the superseding indictment remains pending.

The government requests that Mr. Hennessey be required to give his passport to the U.S. Marshals rather than his counsel. *Id.* at 7. The government does not explain how having the U.S. Marshals, rather than Mr. Hennessey's counsel, hold Mr. Hennessey's passport is necessary to assure his appearance at trial. Both arrangements prevent international travel without Court approval. The only practical difference is that if the Court were to grant a request to travel internationally, it would undoubtedly take longer for Mr. Hennessey to obtain his passport from the U.S. Marshals due to administrative delays. The government's request that the U.S. Marshals hold Mr. Hennessey's passport will simply create more work for the U.S. Marshals and increase bureaucratic delay while serving no legitimate goal. The government's request should be denied.

3. <u>The government inaccurately claims that Mr. Hennessey publishes a newsletter "promoting yet another paid trading platform."</u>

The government inaccurately claims, again with no citation or support, that Mr. Hennessey "maintains a 'newsletter' . . . promoting yet another paid trading platform." *Id.* at 6. This statement does not make sense and is not true. First, Mr. Hennessey does not promote any trading platform

in his newsletter.[1] Second, the phrase is nonsensical to the extent it refers to "yet another" paid trading platform, because there was never a *first* paid trading platform associated with Mr. Hennessey or this case. *See* ECF 134.

Mr. Hennessey publishes by email a daily "newsletter" that typically includes two components: (1) an inspirational "quote of the day," and (3) SPY trading levels for the day.[2] *See* Ex. B, *Newsletter 04/01/2026* (Apr. 1, 2026). Neither a "quote of the day" nor SPY levels have any connection to the allegations in the superseding indictment (*see* ECF 134), and the government does not claim that they do (*see* ECF 753 at 6). While the government makes the nonsensical claim that the newsletter "promot[es] yet another paid trading platform," at the same time, the government does *not* request that Mr. Hennessey be prohibited from publishing the newsletter. *Id.* at 6–7. Rather, the government requests that the defendants be prohibited from "promoting stocks or other financial instruments." *Id.* at 7. The government's proposed order attached to its motion goes further than its motion, suggesting that the Court prohibit the defendants from "promoting stocks, options, securities [sic] financial instruments, and trading platforms on social media or otherwise." ECF 753 at 9. Mr. Hennessey does not promote stocks, options, securities, or financial instruments in the newsletter, on social media, or otherwise, and the government has not claimed

---

[1] The newsletter was sponsored by a stock brokerage service for a period of time after the case was dismissed but before the Fifth Circuit issued its mandate. The sponsorship stopped before the Fifth Circuit issued its mandate, and the newsletter has not referenced the brokerage since.

[2] SPY is an exchange traded fund (ETF) that "tracks the S&P 500 Index, which consists of 500 large-cap U.S. stocks." Steven Nickolas, *Understanding SPY ETF: Insights into SPDR S&P 500 ETF Trust Holdings*, INVESTOPEDIA (Feb. 12, 2026) https://www.investopedia.com/articles/investing/122215/spy-spdr-sp-500-trust-etf.asp. "SPY, established and listed in 1993, was the first index ETF on U.S. exchanges and remains highly traded. The fund's assets have grown to over $705 billion, with a significant portion in information technology." *Id.* "SPY is listed on the New York Stock Exchange . . ., and investors can trade this ETF on multiple platforms." *Id.* SPY's "massive asset base, coupled with a multi-million average daily trading volume (ADTV), makes the fund popular[.]" *Id.*

6

that he does. *See id.* The government's nonsensical claim that Mr. Hennessey promotes "yet another paid trading platform" seems calculated to make it appear that the allegations in the superseding indictment have some connection to a "trading platform." They do not. The government's statement is both inaccurate and misleading, and the government's request to impose additional restrictions on Mr. Hennessey on this basis should be denied.

    4.   <u>The government inaccurately claims that Mr. Hennessey launched a meme coin.</u>

The government claims, again with absolutely no citation or support, that Mr. Hennessey launched a meme coin. *Id.* at 6. He did not. The person who created the $HUGH meme coin explained why the coin was created.



Hugh Henne CTO (@HughHenneCTO), X (Dec. 1, 2024), https://x.com/hughhennecto/status/ 1863284024371793938?s=46.

A review of the X posts by the meme coin developer, who goes by "Hugh Henne CTO" on X, makes it clear that Mr. Hennessey, whose X handle is @Hugh_Henne, did not launch the meme coin.



Hugh Henne CTO (@HughHenneCTO), X (Nov. 19, 2024), https://x.com/hughhennecto/status/ 1858946171047473165?s=46.

Even if Mr. Hennessey had launched a meme coin—he did not—there would be nothing wrong with that. The government seeks to cast the meme coin as something nefarious, but it is not. *See* ECF 753 at 6. The government does not regulate meme coins, and the SEC has described them as "akin to collectibles" with "no use or functionality" that are typically "purchased for entertainment, social interaction, and cultural purposes." SEC, Division of Corporate Finance, *Staff Statement on Meme Coins*, (Feb. 27, 2025) https://www.sec.gov/newsroom/speeches-statements/staff-statement-meme-coins. Once again, the government's false factual claim about Mr. Hennessey is not actually related or connected to the conditions the government asks the Court to impose, and the government's requests should be denied.

8

## III.    The government waived its motion.

The government has waived its motion because it failed to comply with the Local Rules for the Southern District of Texas in two substantial ways: (1) it failed to confer with counsel for Mr. Hennessey prior to filing its motion and failed to include a certificate of conference with its motion, and (2) it failed to include any citation or affidavit to support the multiple inaccurate factual statements in its motion.

First, the government failed to comply with Local Criminal Rule 12.2, which requires counsel to confer with opposing counsel prior to filing a motion and to include a certificate of conference with the motion. *See* S.D. Tex. Cr. L.R. 12.2 ("A pretrial motion . . . shall also be accompanied by . . . an averment that the movant has conferred with the respondent, but that an agreement cannot be reached on the disposition of the motion."). This is not first time the government has failed to comply with this rule. Since the Fifth Circuit issued its order, the government has filed a total of four motions, all four of which violated this rule. *See* ECF 722, 736, 740, 753.

Second, the government failed to comply with Local Rule 12.2 by making unsupported factual claims with no citation or support. S.D. Tex. Cr. L.R. 12.2 ("If the motion presents issues of fact, it shall be supported by affidavit or declaration which sets forth with particularity the material facts at issue."). As described in detail below, the government makes several inaccurate factual statements in its motion but did not include a single citation or other support for those statements. *See* ECF 753. Tellingly, the government's entire motion contains only one citation—a citation to the docket entry for Daniel Knight's plea agreement. *See* ECF 753 at 2 (citing ECF 221). The government cites no source whatsoever for any of its inaccurate factual claims about Mr. Hennessey.

The government's failure to comply with this rule has resulted in actual prejudice to Mr. Hennessey. This case has garnered substantial attention on social media, and just moments after the government filed its motion, the government's false statements about Mr. Hennessey were broadcast on the internet.



FloridaMan (@FloridaMaannn), X (May 28, 2026), https://x.com/floridamaannn/status/2060079018779525280?s=46 (highlighting added).



FloridaMan (@FloridaMaannn), X (May 28, 2026), https://x.com/floridamaannn/status/2060095594610176149?s=46. As detailed above, these statements about Mr. Hennessey that the government made in its motion and that are now broadcast on the internet are false and misleading. The government never conferred with Mr. Hennessey's counsel prior to filing its motion, but after the motion was filed, Mr. Hennessey's counsel notified the government of the inaccuracies in its motion. The government has not corrected or amended its motion.

Because the government failed to comply with the Local Rules, it has waived its motion. *See* Local Cr. Rule 12.1 ("Motions and responses that do not comply with these rules are waived.").

11

## IV.    Conclusion

The government's motion should be denied because the conditions the government seeks to impose are both unnecessary and overly burdensome. The government waived its motion by failing to comply with the local rules, and the government's motion is based on inaccurate, unsupported factual assertions. The government has failed to articulate any valid basis to further restrict Mr. Hennessey's liberty pending trial, and therefore, the motion should be denied.

Respectfully submitted,

**JACKSON WALKER LLP**

*/s/ Laura M. Kidd Cordova*
Laura M. Kidd Cordova
State Bar No. 24128031
lcordova@jw.com
1401 McKinney St, Suite 1900
Houston, Texas 77010
(713) 752-4449
(713) 752-4221 (Facsimile)

**ATTORNEY FOR DEFENDANT
MITCHELL HENNESSEY**

## CERTIFICATE OF SERVICE

I hereby certify that on June 18, 2026, a true and correct copy of the foregoing was served electronically on all persons via the Court's CM/ECF system.

*/s/ Laura M. Kidd Cordova*
Laura M. Kidd Cordova