**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | Case No. 4:22-cr-00612 |
| | § | |
| MITCHELL HENNESSEY | § | |

**DEFENDANT MITCHELL HENNESSEY'S MOTION TO SEVER**

Mr. Hennessey respectfully requests that his case be severed and set for trial on the earliest possible date. Severance is necessary to protect Mr. Hennessey's right to a speedy trial and to avoid unfair prejudice at trial.

## I. BACKGROUND

Mr. Hennessey was indicted on December 7, 2022. ECF 1. Trial was initially set for February 13, 2023, (ECF 22) but reset several times over Mr. Hennessey's objections. ECF 88 (resetting trial for October 23, 2023); ECF 415 (resetting trial for April 1, 2024); ECF 750 (setting trial for May 3, 2027). On August 25, 2023, after Mr. Hennessey's co-defendants requested another continuance (ECF 361), Mr. Hennessey filed a motion to sever, arguing that he should be severed and allowed to proceed to trial because his co-defendants were not ready for trial, he was, and proceeding to trial with unprepared co-defendants would violate his Fifth Amendment right to due process. ECF 365. The Court denied Mr. Hennessey's motion (ECF 414) and reset the trial for April 1, 2024 (ECF 415). On March 20, 2024, the Court dismissed the Superseding Indictment (ECF 628), and the government appealed (ECF 643). On November 10, 2025, the Fifth Circuit issued its last mandate returning this case to the trial court. ECF 726. On May 8, 2026, the Court set trial in this case for May 3, 2027. On June 8, 2026, Mr. Hennessey filed a motion to dismiss the Superseding Indictment based on violations of the Speedy Trial Act and the Sixth Amendment's

right to a speedy trial. ECF 759. The motion was fully briefed on July 6, 2026 (ECF 777), and on August 26, 2026, the Court held a hearing on the motion and took the motion under advisement. Min. Entry (Aug. 26, 2026). The motion to dismiss remains pending.

For the reasons set forth in Mr. Hennessey's motion to dismiss (ECF 759), the Superseding Indictment should be dismissed with prejudice. While the Court continues to consider the motion to dismiss, Mr. Hennessey requests that the Court grant his motion for severance and set his trial for the earliest possible date.

## II. LEGAL STANDARD

### A. Severance Under Federal Rule of Criminal Procedure 14

Even if joinder is proper under Rule 8,[1] the Court may sever defendants' trials if "consolidation for trial appears to prejudice a defendant." Fed. R. Crim. P. 14(a). Severance under Rule 14 is appropriate "if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro v. United States*, 506 U.S. 534, 539 (1993). A defendant's right to a speedy trial is a "specific trial right the compromise of which would support severance under Federal Rule of Criminal Procedure 14(a)." *United States v. Harris*, No. 24-105, 2025 WL 2104274 (E.D. La. July 25, 2025) ("The Government . . . agree[s] that a defendant's right to a speedy trial constitutes a 'specific trial right' for purposes of prejudicial joinder under Fed. R. Crim. P. 14(a)[.]").

### B. Joinder Under Rule 8(b)

Federal Rule of Criminal Procedure 8 governs the joinder of defendants in the same indictment. Subsection (b) provides for the joinder of two or more defendants in the same indictment under certain circumstances:

---

[1] As discussed below, joinder of Mr. Hennessey with three of his co-defendants is improper under Rule 8(b).

> (b) Joinder of Defendants. Two or more defendants may be charged in the same indictment or information if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses. Such defendants may be charged in one or more counts together or separately and all of the defendants need not be charged in each count.

"A 'series' of acts under Rule 8(b) is something more than 'similar' acts." *United States v. Marionneaux*, 514 F.2d 1244, 1248 (5th Cir. 1975). Whether or not separate offenses are part of a "series of acts or transactions" under Rule 8(b) depends on the relatedness of the facts underlying each offense. *United States v. Gentile*, 495 F.2d 626, 630 (5th Cir. 1974). Joinder of defendants and offenses is proper "when the facts underlying each offense are so closely connected that proof of such facts is necessary to establish each offense." *Id.* On the other hand, when there is no "substantial identity of facts or participants between the two offenses, there is no 'series of acts' under Rule 8(b)." *Marionneaux*, 514 F.2d at 1249.

Whether joinder of charges is proper under Rule 8 is "judged according to the allegations in the superseding indictment." *United States v. Butler*, 429 F.3d 140, 146 (5th Cir. 2005) (citing *United States v. Kaufman*, 858 F.2d 994, 1003 (5th Cir. 1988)).

## III. ARGUMENT

Severance is necessary under Rule 14 to protect Mr. Hennessey's right to a speedy trial and because a joint trial would unfairly prejudice Mr. Hennessey. Severance is also appropriate under Rule 8 because Mr. Hennessey was improperly joined with three of his co-defendants in violation of Rule 8(b).

### A. Severance is Necessary to Protect Mr. Hennessey's Right to a Speedy Trial.

> Unquestionably, a criminal defendant's right to a speedy trial "is as fundamental as any of the rights secured by the Sixth Amendment." *Klopfer v. North Carolina*, 386 U.S. 213, 223 (1967). It is "one of the most basic rights preserved by our Constitution." *Id.* at 226. The

> constitutional right to a speedy trial must be among those "specific trial rights" that can justify a separate trial under Rule 14(a).

*United States v. Yandell*, No. 2:19-CR-00107-KJM, 2023 WL 2620418, at *7 (E.D. Cal. Mar. 23, 2023). Indeed, numerous courts have found severance warranted to protect a defendant's Sixth Amendment right to a speedy trial. *See, e.g.*,

- *United States v. Messer*, 197 F.3d 330, 336 (9th Cir. 1999) (finding that "[t]he district court should have severed [a co-defendant's] trial once it became apparent to the court that [the co-defendant] was going to be tried first in Rhode Island[]" because the resulting 21-month delay between indictment and trial was unreasonable and violated the other defendants' rights to a speedy trial);
- *United States v. Hall*, 181 F.3d 1057, 1063 (9th Cir. 1999) ("The district court should have severed Hall's and Nelson's trials rather than delaying Hall's trial so that Nelson could continue her plea negotiations with the government.");
- *Sims v. United States*, 405 F.2d 1381, 1383–84 (D.C. Cir. 1968) ("[S]everance should have been granted[]" because "[o]ne appellant was ready for trial some eight months before the trial was held, but had to await the determination of various pre-trial issues raised by the other appellants. Separate trials would have alleviated this problem.");
- *United States v. George*, No. 17-201, 2019 WL 4194526, at *14 (E.D. La. Sept. 4, 2019) (severing defendant's trial to protect his right to a speedy trial because he was prepared to go to trial even though a continuance was warranted for his co-defendants who needed more time to prepare for trial);

- *United States v. Stockman*, No. 09-50029-KES, 2010 WL 959928, at *1 (D.S.D. Mar. 12, 2010) (granting severance when a co-defendant's ill health caused a trial continuance);
- *United States v. Serafini*, 7 F. Supp. 2d 529, 553–55 (M.D. Pa. 1998) (finding that "both [the defendant's] and the public's interests in a speedy trial weigh heavily in favor of severance under Rule 14" where the defendant asserted his right to a speedy trial but co-defendants "predicted a lengthy and protracted legal battle" regarding the constitutionality of the statute underlying the charges).

While the Speedy Trial Act permits "a reasonable period of delay" attributable to co-defendants, "[a]ttribution of the excludable delay of one codefendant to another codefendant is not, however, automatic; rather, the period of delay must be reasonable." *United States v. Stephens*, 489 F.3d 647, 654 (5th Cir. 2007). "The reasonableness of the delay can be measured in reference to either (1) 'the totality of the circumstances prior to trial'; or (2) 'the actual prejudice suffered by the appellant' as a result of the delay." *Id.* (quoting *United States v. Franklin*, 148 F.3d 451, 457 (5th Cir. 1998)). Both measures demonstrate that the delay here is unreasonable, and the charges against Mr. Hennessey should be severed so that he can proceed to trial.

**1. The totality of the circumstances prior to trial warrants severance.**

A review of the "totality of the circumstances prior to trial" demonstrates that the period of delay is not reasonable. The current trial setting of May 3, 2027, is due to the government's request for "an early 2027 trial date" and co-defendants' requests for a trial date in the second quarter of 2027. *See* ECF 775 at 5:24–6:3, 15:16–16:6, 20:9–16, 21:6–9, 24:18–25:1.[2] Neither of these

[2] While no delay has yet been attributed to the nonappearance of co-defendant Constantinescu, the government has claimed that Mr. Constantinescu does not intend to appear for trial. ECF 775 at 9:2–10; Hr'g Tr. Aug. 26, 2026, at 27:27–29:2; *see also* ECF 818. Whether or not that turns out to

factors makes the continued delay of Mr. Hennessey's trial reasonable. The parties were just 11 days out from trial when the case was dismissed in 2024. Thus, neither the government nor Mr. Hennessey needs more time to prepare for trial, and Mr. Hennessey has consistently requested the earliest possible trial date. *Id.* at 31:21–23. Under these circumstances, the continued delay of Mr. Hennessey's trial is not reasonable.

While Mr. Hennessey has asserted his right to a speedy trial since January 2023, his co-defendants have repeatedly requested continuances that have prevented Mr. Hennessey from proceeding to trial. On May 8, 2026, more than six months after the last mandate issued, Mr. Hennessey's co-defendants claimed that they could not be ready for trial until the second quarter of 2027, so the Court set trial for May 3, 2027—nearly four and a half years after Mr. Hennessey was indicted and more than one and a half years after the last mandate issued. *See* ECF 775.

On July 22, 2026, more than eight months after the last mandate issued, the government filed a motion arguing that the complexity of this case justifies an 18-month continuance of the trial date. *See* ECF 785. But in December 2022, the government argued that the trial should be set for June 2023, just six months after indictment. *See* ECF 76. And in August 2023, after several defendants (not Mr. Hennessey) moved for another continuance, the government opposed any further continuance, claiming that a continuance was unwarranted and "would run contrary to judicial economy and the interest of justice." *See* ECF 324. The government argued back in August 2023 that the case involved a "simple fraud" and the "complexity" of the case did not warrant a

---

be true, it should not serve as a basis for delaying Mr. Hennessey's trial. *See, e.g.*, *United States v. Lawrence*, No. 3:19-cr-11, 2019 U.S. Dist. LEXIS 204193, at *3 (N.D. Miss. Nov. 22, 2019) (severing fugitive co-defendant because "failure to sever him carries a serious risk of compromising the remaining defendants' right to a speedy trial"); *United States v. Sharp*, No. 02-40062, 2002 U.S. Dist. LEXIS 24597, 2002 WL 31863842, at *2 (D. Kan. Dec. 17, 2002) (granting severance to defendant who invoked his right to a speedy trial but his co-defendant was a fugitive).

continuance of the trial date beyond 10 months. *Id.* at 5. The government stated: "To the extent the Defendants continue to argue about the 'complexity' of the case, Mot. at 8, that complexity is addressed by the Amended Scheduling Order and the United States' full compliance therewith. At bottom, however, the case can be distilled to a simple fraud '[w]hen you say one thing and do another . . . .'" *Id.* The government took the position back then—even before exhibits had been exchanged and before many issues in the case had been briefed and argued—that this case should be tried within 10 months after initial indictment. *See id.* at 1.

In 2026, more than *three years* later—and after the defendants have had the government's witness list and exhibits for more than two and a half years (*see* ECF 350, 351)—the government claimed that the "complexity" of this case warrants an additional 18-month continuance. *See* ECF 785. The government's position simply cannot be reconciled with its prior statements or reality. *Compare* ECF 785, *with* ECF 324. The complexity of the case has not increased since 2023. If anything, the case has been streamlined and simplified. Thus, an additional 18-month continuance is unreasonable given the totality of the circumstances, and Mr. Hennessey should be severed to protect his right to a speedy trial.

**2. Severance is warranted due to the actual prejudice Mr. Hennessey suffers because of the continued delay.**

Mr. Hennessey suffers actual prejudice while his co-defendants and the government prevent him from proceeding to trial. "Inordinate delay between public charge and trial, wholly aside from possible prejudice to a defense on the merits, may seriously interfere with the defendant's liberty, whether he is free on bail or not, and may disrupt his employment, drain his financial resources, curtail his associations, subject him to public obloquy, and create anxiety in him, his family and his friends." *United States v. Bert*, 814 F.3d 70, 82 (2d Cir. 2016); *United States v. Cornwell*, No. 4:24-CR-27-SDJ, 2024 WL 4311473, at *5 (E.D. Tex. Sept. 26, 2024); *Barker v.*

*Wingo*, 407 U.S. 514, 533 (1972) (holding that "even absent incarceration, a defendant 'is still disadvantaged by restraints on liberty and by living under a cloud of anxiety, suspicion, and often hostility'"). The government's allegations against Mr. Hennessey garnered national news coverage and produced unsubstantiated conclusions about Mr. Hennessey's innocence and character.[3] While he awaits trial, his employment continues to be disrupted, his financial resources continue to be drained, and his associations are curtailed. This case also causes anxiety for Mr. Hennessey and his family and friends. Further delay of his trial requires Mr. Hennessey to remain under a "cloud of anxiety, suspicion, and hostility" even when he is, and has been, ready to go to trial for more than three and a half years. *Barker*, 407 U.S. at 533.

Thus, the delay caused by Mr. Hennessey's co-defendants is unreasonable based on the totality of the circumstances and the actual prejudice Mr. Hennessey continues to suffer. Mr. Hennessey's right to a speedy trial requires that the charges against him be severed so that he may proceed to trial.

**B. Severance is Necessary to Avoid Unfair Prejudice at Trial.**

Mr. Hennessey should also be severed from his co-defendants to avoid unfair prejudice at trial. The government's exhibits reveal its trial strategy: improperly lump Mr. Hennessey together with co-defendants and use those co-defendants' highly inflammatory statements to prejudice the jury against Mr. Hennessey. *See, e.g.*, Gov. Exs. 1, 7P, 54. Allowing this case to proceed to a joint

---

[3] *See, e.g.*, Luke Barr, *Social Media Stock Influencers Accused of $114M 'Pump and Dump' Scheme*, ABC NEWS (Dec. 14, 2022) https://abcnews.go.com/Business/social-media-stock-influencers-accused-114m-pump-dump/story?id=95285011; Livia Albeck-Ripka, *'FinTwit' Influencers Face Charges in $100 Million Scheme*, NEW YORK TIMES (Dec. 14, 2022) https://www.nytimes.com/2022/12/14/business/sec-influencers-twitter-discord-fintwit.html; Jennifer Calfas, *DOJ, SEC Charge Eight Social-Media Influencers for Alleged Securities Fraud*, WALL STREET JOURNAL (Dec. 14, 2022) https://www.wsj.com/articles/sec-charges-eight-influencers-in-100-million-securities-fraud-11671031747.

trial would accordingly result in a fundamental miscarriage of justice as the jury would not be able to reliably judge Mr. Hennessey individually.

Under Rule 14, a severance is warranted if the continued joinder of defendants at trial would prejudice one of the defendants. *See United States v. Crawford*, 581 F.2d 489, 491 (5th Cir. 1978) (discussing FED. R. CRIM. P. 14). The delay of his trial is not the only prejudice Mr. Hennessey has and will continue to suffer due to joinder with his co-defendants. Given the quantity and quality of the evidence against his co-defendants, Mr. Hennessey would be unfairly prejudiced by the "spillover effect" of that evidence such that the jury would be prevented "from making a reliable judgment about guilt or innocence" as to Mr. Hennessey. *United States v. Mitchell,* 484 F.3d 762, 775 (5th Cir. 2007).

**1. Quantity of Evidence**

Mr. Hennessey is charged in only five of the 19 alleged securities fraud offenses.[4] Nearly 75 percent of the charges have nothing to do with Mr. Hennessey. Thus, a joint trial—that could last weeks—would subject Mr. Hennessey to weeks of testimony and "mountainous evidence" that does not pertain to him. *See United States v. Erwin*, 793 F.2d 656, 666 (5th Cir. 1986). Indeed, the government's exhibit list demonstrates that "very little of the mountainous evidence [is] usable against [Mr. Hennessey], and almost none of it applie[s] directly" to him. *See id.* Accordingly, the risk that Mr. Hennessey would suffer severe prejudice in a joint trial "far outweigh[s] any benefit of judicial economy." *Id.*

[4] As discussed below, the conspiracy count improperly joins multiple alleged conspiracies in one count. The factual allegations underlying the conspiracy count include a total of 10 alleged securities fraud offenses, those referenced in Counts 3, 5, 7, 10–15, and 20—each involving different securities, different defendants, different time periods, and different purportedly false statements.

**2. Quality of Evidence**

Importantly, the quality of evidence that would be introduced at a joint trial is also different from the quality of evidence that could be introduced against Mr. Hennessey alone.

**a. Government Exhibit 7P**

The most striking example of this is Government Exhibit 7P, a purported recorded conversation in which Mr. Knight states, "We're robbing fucking idiots"—a statement the government highlights at every turn, and the sole piece of evidence the government has cited to establish criminal intent. *See* ECF 656 at 30:23–31:2 (DOJ Attorney: "And what's being glossed over is the clearest evidence of that point, which is the language in the indictment of robbing idiots of their money. That is intent to defraud all day every day."). The Superseding Indictment alleges that Mr. Knight made that statement in a recorded conversation discussing the stock of GTT Communications, Inc. (GTT), the subject of Count 7. Mr. Hennessey is not charged or even mentioned in Count 7. ECF 134 at ¶ 49. According to the government's expert witness, Mr. Hennessey did not post about or trade GTT. ECF 759 at Exs. A, B. Count 7 alleges that Mr. Rybarczyk and Mr. Matlock committed securities fraud in connection with GTT and describes alleged conduct by Messrs. Rybarczyk, Matlock, Deel, Cooperman, and Knight. ECF 134 at ¶¶ 43-53. The Superseding Indictment does not allege that Mr. Hennessey had any involvement whatsoever in Count 7, nor does it charge Mr. Hennessey together with Mr. Rybarczyk in *any* securities fraud count.[5] *Id.* But if the government's exhibits related to Count 7, in which Mr.

[5] The Superseding Indictment alleges that over a three-month period—August to October 2021—Mr. Constantinescu and Mr. Hrvatin committed securities fraud in connection with DATS (Count 15). *See* ECF 134 at ¶¶ 101–110. The Superseding Indictment alleges that all eight defendants traded DATS during this three-month time frame, but importantly, the Superseding Indictment does not contain any allegation that Mr. Hennessey knew about the alleged DATS securities fraud, nor does it allege any action tying Mr. Hennessey to Messrs. Constantinescu, Rybarczyk, or Hrvatin in connection with DATS or any other alleged securities fraud offense. See ECF 134. Similarly, the Superseding Indictment alleges that Mr. Hennessey and Mr. Rybarczyk both traded

Hennessey is neither charged nor mentioned, are included in Mr. Hennessey's trial, it will undoubtedly prejudice him. The government has no evidence that Mr. Hennessey acted with any criminal intent—because he did not—and thus, it seeks to lump him together with unrelated evidence concerning unrelated charges to taint him in front of the jury. It should not be allowed to do so.

**b. Government Exhibit 1**

The government's goal in offering Government Exhibit 1 is also readily apparent: lump the co-defendants together visually so that the inflammatory posts of Mr. Hennessey's co-defendants have a spillover effect and prejudice the jury against Mr. Hennessey. Government Exhibit 1 contains a number of inflammatory and disrespectful posts made by co-defendants in this case, but none by Mr. Hennessey. Thus, the government seeks to lump Mr. Hennessey with co-defendants in the jurors' minds so that the jury will deem him "guilty by association." In March 2024, Judge Hanen ordered the government to remove these inflammatory and irrelevant posts from the exhibit. *See* ECF 656 at 53:11–54:3. But even now, more than two and a half years later, the government still has not updated the exhibit to comply with Judge Hanen's order.

Mr. Hennessey did not tweet or post any of the problematic images in Government Exhibit 1. Yet, "if the government [can] so nonchalantly group the defendants together, then [the Court] cannot be reasonably confident that the jury could compartmentalize the evidence separately for each of the [eight] defendant[s]." *United States v. McRae*, 702 F.3d 806, 828 (5th Cir. 2012). As the government flips through 20 pages of Government Exhibit 1, Mr. Hennessey's face will be commingled with taunts of the federal government, statements that the jury could interpret to

---

TRCH (Count 5) but again, does not allege that Mr. Rybarczyk was involved in the alleged securities fraud offense charged in Count 5, nor does it even allege that Mr. Hennessey knew, or had reason to know, that Mr. Rybarczyk traded TRCH. *See* ECF 134 at 33–42.

indicate a guilty conscience, crude language and hand gestures, and the like. That is not a fair trial for Mr. Hennessey. It is a trial by association that violates Mr. Hennessey's Fifth Amendment rights. *Erwin*, 793 F.2d at 666.

The Fifth Circuit has long recognized that "the transference of guilt from one group of defendants to another is inexorable" when "the nexus between the separate groups is the defendants common to each and a mutual identity of the counts charged." *United States v. Levine*, 546 F.2d 658, 662 (5th Cir. 1977). "The result is inherent prejudice that no form of limiting instructions or cautionary charge could absolve . . . ." *Id*. Here, as in *Levine*, "the transference of guilt from one group of defendants to another is inexorable" because of the overlap of some defendants between counts. For example, while Mr. Hennessey is not charged in Count 7, Mr. Matlock is charged in Count 7, and both Mr. Hennessey and Mr. Matlock are charged together in Counts 5, 10, and 11. Joinder under such circumstances is both improper and prejudicial. *See Kotteakos v. United States*, 328 U.S. 750, 774 (1946) ("The dangers for transference of guilt from one to another across the line separating conspiracies, subconsciously or otherwise, are so great that no one really can say prejudice to substantial right has not taken place."); *United States v. Diaz-Munoz*, 632 F.2d 1330, 1336 (5th Cir. 1980) ("But where, as here, there is no nexus between the several crimes, the mounting proof of the guilt of one is likely to affect another. There is no sure way to protect against it except by separate trials, especially where, as here, the several defendants, though unconnected, commit the crimes charged by dealing with one person, one house, one establishment.").

**3. Granting Mr. Hennessey a separate trial will not offend judicial economy.**

Granting Mr. Hennessey a separate trial will not offend the public's interest in judicial economy, and it will also safeguard his right to a speedy and fair trial.

> While judicial efficiency would seem at first glance to support proceeding with one trial, after consideration of the above, and balancing the prejudice to the defendants against the interests of

> judicial efficiency, the Court instead finds that it would ensure a fair trial and be more efficient to sever and hold a separate trial[.]

*Harris*, 2025 WL 2104274, at *26. While severance would result in two trials, Mr. Hennessey's individual trial would be significantly shorter than a joint trial with co-defendants. *See United States v. Eversole*, 783 F. Supp. 2d 972, 976 (S.D. Tex. 2011) (noting that anticipating only two separate trials did not weigh against judicial efficiency).

**C. Severance is Appropriate Because Joinder is Improper under Rule 8.**

While severance is appropriate under Federal Rule of Criminal Procedure 14, more fundamentally, joinder is improper under Rule 8(b). Other than vague, conclusory allegations, the Superseding Indictment does not link Mr. Hennessey to three of his co-defendants, and Mr. Hennessey is not charged in 14 of the 19 securities fraud counts. While in some cases, the alleged existence of a conspiracy can make joinder proper, it cannot do so here because the conspiracy charge is based on a misapplication of the law: multiple conspiracies are charged as one. A joint trial would violate Mr. Hennessey's "right not to be tried *en masse* for the conglomeration of distinct and separate offenses committed by others." *Kotteakos*, 328 U.S. at 775. Therefore, joinder of Mr. Hennessey with three co-defendants is improper, and his trial should be severed from the trial of those three individuals.

**1. Joinder is improper because the alleged securities fraud offenses are not the "same act or transaction" or the "same series of acts or transactions, constituting an offense or offenses."**

The Superseding Indictment alleges 19 separate and distinct securities fraud offenses, each involving different defendants, different securities, different time frames, and different statements. Joinder of defendants is only proper under Rule 8(b) if the defendants "have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." Mr. Hennessey should not be tried with defendants who are not alleged to have

participated with him in the same securities fraud offenses. *See Gentile*, 495 F.2d at 630 ("While criminal acts of several defendants may be similar in nature, these acts cannot be properly joined in a multiple defendant trial if different facts and circumstances must be established to support the alleged violations."). Here, as in *Gentile*, the proof required to establish each of the alleged securities fraud offenses (Counts 2–20) is entirely different, and the Superseding Indictment does not link Mr. Hennessey to three of his co-defendants. The 19 separate purported securities fraud offenses alleged in the Superseding Indictment happened at different times, involved different stocks, different defendants, and different allegedly false statements. *Compare Gentile*, 495 F.2d at 630, *with* ECF 134. In *Gentile*, the Fifth Circuit concluded that joinder was improper because the proof required for each count was entirely different. *Gentile*, 495 F.2d at 630-31. The Superseding Indictment suffers the same fatal flaw. It improperly joins completely separate alleged securities fraud offenses, each requiring entirely different proof.

What is more, here, *not even one* defendant is common to each alleged securities fraud offense charged in the Superseding Indictment. Because "there is no substantial identity of facts or participants between the [] offenses, there is no 'series' of acts under Rule 8(b)[,]" and therefore, joinder of unrelated defendants and unrelated counts is improper. *Marionneaux*, 514 F.2d at 1248.

**2. The Alleged Existence of a Conspiracy Count Does Not Make Joinder Proper.**

While the alleged existence of a conspiracy may in some cases permit joinder of offenses when it would otherwise be impermissible, where, as here, the conspiracy count is based on a misapplication of the law by alleging multiple conspiracies rather than one, it cannot make joinder proper. *See Levine*, 546 F.2d at 662-63.

Count 1 contains no allegation tying the defendants together in a "single, illegal enterprise." *See United States v. Nettles*, 570 F.2d 547, 551 (5th Cir. 1978). Count 1 does not allege a hub and spoke conspiracy, a chain conspiracy, or any other type or form of conspiracy. While the Fifth

Circuit now "eschews utilization of figurative analogies such as wheels, rims and hubs[,]" a conspiracy charge still must allege a "single, illegal enterprise" in which "participants exert individual efforts toward a common goal." *United States v. Richerson*, 833 F.2d 1147, 1153 (5th Cir. 1987). The Superseding Indictment contains no such allegation.

The Superseding Indictment does not contain allegations connecting Mr. Hennessey to three co-defendants: Messrs. Constantinescu, Rybarczyk, and Hrvatin. *See* ECF 134. Nor is Mr. Hennessey charged in 14 of the 19 alleged securities fraud offenses (Counts 2–4, 6–7, 12–20). *See id.* The Superseding Indictment does not allege that any alleged securities fraud count was dependent on or benefited from another alleged securities fraud count. *See id.* Nor does the Superseding Indictment allege that Mr. Hennessey knew or should have known of the alleged actions of co-defendants Constantinescu, Rybarczyk, or Hrvatin or vice versa.

Rather than allege a single, illegal enterprise with a common goal, Count 1, like the indictment in *Levine*, relies on a misapplication of the law by charging multiple conspiracies in one conspiracy count. 546 F.2d at 662–63. In *Levine*, the defendants were charged with conspiracy and interstate shipment of obscene films. *Id.* The allegations against the defendants were similar but arose "from different factual matrices, implicating different defendants at different times." *Id.* The Fifth Circuit noted that when "the nexus between the separate groups is the defendants common to each and a mutual identity of the counts charged, the transference of guilt from one group of defendants to another is inexorable. The result is inherent prejudice that no form of limiting instructions or cautionary charge could absolve . . . ." *Id.* at 662.[6] Here, as in *Levine*, the

[6] The Supreme Court has since held that improper joinder under Rule 8(b) is not inherently prejudicial, and the harmless error standard applies on appellate review. *See United States v. Lane*, 474 U.S. 438, 449 (1986). Nonetheless, Rule 8(b) still requires proper joinder, and as discussed above, Mr. Hennessey will suffer actual prejudice if he is forced to go to trial with his co-defendants.

mere existence of a conspiracy charge does not cure the improper joinder of separate and distinct alleged securities fraud offenses—each involving different facts, different stocks, different time frames, different statements, and different defendants—in one indictment. Mr. Hennessey should therefore be severed from these improperly joined co-defendants.

## IV. CONCLUSION

Severance is necessary to protect Mr. Hennessey's right to a speedy trial and to avoid unfair prejudice at trial. Severance is also appropriate because Mr. Hennessey's joinder with three co-defendants in the Superseding Indictment is improper under Rule 8(b). Mr. Hennessey therefore respectfully requests severance so that he may proceed to trial at the earliest possible date.

Respectfully submitted,

*/s/ Laura M. Kidd Cordova*
Laura M. Kidd Cordova
State Bar No. 24128031, S.D. Tex. No. 1117332
JACKSON WALKER LLP
1401 McKinney St., Suite 1900
Houston, Texas 77010
(713) 752-4449
lcordova@jw.com

***Attorney for Defendant Mitchell Hennessey***

**CERTIFICATE OF CONFERENCE**

I hereby certify that I conferred with counsel for the government about the relief requested herein, and counsel for the government stated that it is opposed.

*/s/ Laura M. Kidd Cordova*
Laura M. Kidd Cordova

**CERTIFICATE OF SERVICE**

I hereby certify that on November 9, 2026, a true and correct copy of the foregoing was served electronically on all persons via the Court's CM/ECF system.

*/s/ Laura M. Kidd Cordova*
Laura M. Kidd Cordova