**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **v.** | § | **Case No. 4:22-cr-612** |
| | § | |
| **MITCHELL HENNESSEY,** | § | |
| | § | |
| **Defendant.** | § | |

**UNITED STATES' RESPONSE IN OPPOSITION**
**TO DEFENDANT MITCHELL HENNESSEY'S MOTION TO SEVER**

The United States, by and through undersigned counsel, submits this brief in opposition to defendant Mitchell Hennessey's Motion to Sever (Dkt. 820). Hennessey's arguments for severance should be rejected because joinder was proper under Rule 8(b) of the Federal Rules of Criminal Procedure and severance is not warranted under Rule 14(a). As explained below, Hennessey has not demonstrated that "there is a serious risk that a joint trial would compromise a specific trial right" or "prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro v. United States*, 506 U.S. 534, 539 (1993).[1] Nor has Hennessey met the heavy burden of demonstrating that a joint trial would result in "specific and compelling prejudice" necessitating severance. *United States v. McCord*, 33 F.3d 1434, 1452 (5th Cir. 1994). Severance would result in a waste of judicial and public resources by requiring two trials with duplicative testimony from many witnesses and duplicative documentary evidence. For these reasons and those below, the Court should deny the motion.

**ARGUMENT**

**I. Defendant Hennessey's Speedy Trial Rights Do Not Require Severance.**

Hennessey contends that it is unreasonable for his trial to commence on the currently

[1] Unless otherwise noted, internal citations and quotations are omitted.

scheduled date of May 3, 2027, and therefore he should be severed under Rule 14. Under Rule 14, "[s]everance is proper only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants[.]" *United States v. McRae*, 702 F.3d 806, 822 (5th Cir. 2012). But Hennessey's right to a speedy trial will not be violated if he proceeds to trial with his co-defendants in May 2027. This Court recognized as much when it certified this case as complex—over Hennessey's objection—and concluded "that the time through the current trial date . . . is excludable in the interests of justice" pursuant to the Speedy Trial Act due to the "number of Defendants, the volume of discovery, and the nature of the prosecution[.]" Dkt. 808 at 2. Like other courts in this district have done, this Court should reject Hennessey's severance request because this Court declared the case complex. *See United States v. Simpson*, No. 3:09-CR-249, 2010 WL 4340683, at *4 (N.D. Tex. Oct. 26, 2010) (denying motion to sever based on alleged speedy trial concerns where case was declared complex); *United States v. Rivers*, No. 3:17-CR-460, 2018 WL 3549697, at *3 (N.D. Tex. July 24, 2018) (same). Moreover, although Defendant Hennessey contends that his own trial is straightforward, the Fifth Circuit has recognized that in a multi-defendant case, courts may properly consider the "efficient use of prosecutorial and judicial resources in trying multiple defendants in a single trial." *United States v. Bieganowski*, 313 F.3d 264, 283 (5th Cir. 2002).

Hennessey contends that numerous courts have found severance appropriate based on a defendant's speedy trials rights. Each of the cases Hennessey cites are easily distinguishable from the present circumstances. First, in several of the cases, courts concluded that absent severance the defendant's speedy trial rights would be violated. *See United States v. Hall*, 181 F.3d 1057, 1063 (9th Cir. 1999); *United States v. Messer*, 197 F.3d 330, 336 (9th Cir. 1999); *United States v. George*, No. 17-CR-201, 2019 WL 4194526, at *13 (E.D. La. Sept. 4, 2019). Here, though, this

Court has already recognized that Hennessey's speedy trial rights will not be violated if he is tried in May 2027, by virtue of its order declaring this case complex under the Speedy Trial Act and its finding that it is "in the interests of justice" to exclude time until trial. *See* Dkt. 808 at 2.

In Hennessey's other cited cases, courts granted severance where it was unclear when trial would ever proceed. *See United States v. Stockman*, No. 09-CR-50029, 2010 WL 959928, at *1 (D.S.D. Mar. 12, 2010) (granting severance where it was unclear when co-defendant could proceed to trial because it would be "some time" before he was "physically and mentally able" to stand trial); *United States v. Serafini*, 7 F. Supp. 2d 529, 555 (M.D. Pa. 1998) (severing defendant where co-defendants planned to engage in a "lengthy and protracted legal battle."). By contrast, there is a clear trial date approaching in May, and therefore, the same speedy trial concerns are not present here.[2] Finally, Hennessey cites *Sims v. United States*, 405 F.2d 1381, 1382 (D.C. Cir. 1968). There, however, the court held that severance was warranted primarily due to issues involving the admissibility of statements under *Bruton v. United States*, 391 U.S. 123 (1968), which had nothing to do with trial delay. Then, in a few sentences, the court stated that pretrial delay would also have been avoided by severance without any further discussion. But the pretrial delay was a secondary issue in the court's analysis, and the out-of-circuit *Sims* decision does not compel this Court to sever Hennessey.

In arguing for severance, Hennessey rehashes the procedural history of this case, and claims that he has been prejudiced by waiting for a trial for years, which "causes anxiety for Mr. Hennessey and his family and friends." Dkt. 820 at 8. But conclusory allegations of prejudice like this are insufficient to support a speedy trial violation. *See Goodrum v. Quarterman*, 547 F.3d

---

[2] Hennessey also filed the instant motion to sever nearly six months after the Court scheduled trial. As a result, even if the Court wanted to provide him with an earlier trial, at best Hennessey's trial would be a few months before the May 2027 trial. Hennessey's failure to timely request severance further undermines his request.

249, 252 (5th Cir. 2008) (finding allegations of anxiety insufficient to support speedy trial claim where defendant "has not demonstrated that the anxiety he felt was of such an extreme degree that it differed in any way from that which would naturally be expected to accompany a defendant's awareness of pending charges."). Hennessey's claim that his speedy trial rights will be violated is merely an attempt to relitigate the speedy trial arguments that this Court already rejected.[3] As the Court found before, and it should reaffirm here, there will be no speedy trial violation if trial commences in May 2027. This Court should therefore deny Hennessey's request to be severed.

**II. Defendant Hennessey is Properly Joined Under Rule 8.**

Severance is also unwarranted because Hennessey is properly joined under Rule 8. Under Rule 8, an indictment "may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." In the Fifth Circuit, "[j]oinder of charges is the rule rather than the exception and Rule 8 is construed liberally in favor of initial joinder." *United States v. Bullock*, 71 F.3d 171, 174 (5th Cir. 1995). "The propriety of joinder under Rule 8 is determined on the basis of the allegations in the indictment, which are accepted as true barring allegations of prosecutorial misconduct." *United States v. Faulkner*, 17 F.3d 745, 758 (5th Cir. 1994). "It is the rule, not the exception, that persons indicted together should be tried together, especially in conspiracy cases." *U.S. v. Thomas*, 627 F.3d 146, 156 (5th Cir. 2010). Rule 8's "requirement is satisfied by allegation of an overarching conspiracy that encompasses the substantive offenses charged" *United States v. Krout*, 66 F.3d 1420, 1429 (5th Cir. 1995). In determining whether a single conspiracy exists, courts consider: "(1) the existence of a common goal; (2) the nature of the scheme; and (3) the

[3] To the extent Hennessey suggests that there is a constitutional speedy trial violation despite the Court's finding that the Speedy Trial Act is not violated with a May 2027 trial, that argument is also meritless. *See Bieganowski*, 313 F.3d at 284 ("It will be the unusual case, however, where the time limits under the Speedy Trial Act have been satisfied but the right to a speedy trial under the Sixth Amendment has been violated."). The government has previously explained why there is no Sixth Amendment violation here, and it incorporates those arguments here. *See* Dkt. 774 at 12-14.

overlapping of the participants in the various dealings." *United States v. Shah*, 95 F.4th 328, 361 (5th Cir. 2024).

Here, the Indictment plainly alleges a single conspiracy sufficient for joinder. First, there was a common goal, namely for the defendants to "enrich themselves by pumping and dumping securities . . . through false and misleading posts and material omissions on Twitter and the Atlas Trading Discord." Dkt. 134 at ¶118. The Indictment further alleges that the defendants used the same common plan to achieve these aims by first purchasing a security, next posting false, positive information about the security, and finally secretly selling their own shares of the security to profit. *Id.* at ¶1. Second, the nature of the scheme weighs in favor of a single conspiracy because the "activities of one aspect of the scheme [were] necessary or advantageous to the success of another aspect[.]" *Shah*, 95 F.4th at 328. Specifically, the Indictment alleges coordination among the defendants because they often notified each other before purchasing securities to fraudulently promote them to investors, Dkt. 134 at ¶13, and defendants concealed from their social media followers that they were fraudulently promoting securities, *id.* at ¶14. As a result, the nature of the scheme relied on the concealment of the scheme by each member of the conspiracy to ensure the collective success of the fraudulent stock promotion, which weighs in favor of the existence of a single conspiracy. Finally, there was overlap in the participants. For example, the Indictment alleges that Hennessey and two other defendants "collectively sought to pump and dump" TRCH stock, *id.* at ¶32, that Hennessey and three other defendants "collectively sought to pump and dump" SURF stock, *id.* at ¶54, and that Hennessey and seven other defendants "collectively pumped and dumped" DATS stock, *id.* ¶ at 101.

Hennessey claims that the Indictment does not link him to defendants Constantinescu, Rybarczyk, and Hrvatin. Dkt. 820 at 14. This ignores, however, the allegation that Hennessey and

seven other defendants, including these three, collectively pumped and dumped DATS stock. And even if Hennessey did not know some of his coconspirators, that is not enough to show there were multiple conspiracies. It is well-established that "[i]t is not necessary, however, for all coconspirators to know each other or to have worked together on all phases of the criminal enterprise." *United States v. Winship*, 724 F.2d 1116, 1122 (5th Cir. 1984).

Hennssey also contends that the nineteen substantive securities fraud counts are not properly joined because they involved different stocks, different defendants, occurred at different times, and different false statements. But so long as substantive counts "emanate[] from the same alleged conspiracy," as they do here, joinder is proper. *See Faulkner*, 17 F.3d at 758. And contrary to Hennessey's suggestion, there is no requirement that every defendant be charged in each and every count of an indictment. *Id.* The Court should therefore find that Hennessey is properly joined with his co-conspirators under Rule 8.

## III. Hennessey Has Failed to Demonstrate Specific and Compelling Prejudice to Warrant Severance Under Rule 14(a).

A joint trial of Hennessey and his co-conspirators would not give rise to impermissible prejudice warranting severance. When, as here, joinder is proper under Rule 8(b), a district court may grant a severance under Rule 14(a) if a joint trial would give rise to "compelling and severe" prejudice to a defendant, and "such prejudice must be of a type against which the trial court [is] unable to afford protection." *Faulkner,* 17 F.3d at 759; *see also McCord*, 33 F.3d at 1452. The prejudice must also outweigh "the government's interest in economy of judicial administration." *United States v. DeVarona*, 872 F.2d 114, 120-21 (5th Cir. 1989).

Hennessey faces a high bar in requesting severance under Rule 14. *See United States v. Crockett,* 514 F.2d 64, 70 (5th Cir. 1975) ("The appellant has a heavy burden in demonstrating prejudice when a severance is not granted . . . the ruling of the trial court will rarely be disturbed

on review."); *United States v. McGuire*, 608 F.2d 1028, 1031 (5th Cir. 1979). ("The burden upon an appellant in showing prejudice has aptly been characterized as heavy."); *United States v. Potashnik*, No. 3:07-CR-289-M, 2008 WL 5272807, at *7 (N.D. Tex. Dec. 17, 2008) ("The general rule is that persons indicted together should be tried together, especially in conspiracy cases. Consequently, the bar is high for defendants requesting severance under Rule 14."). It is not enough for Hennessey to show that he may have a better chance of acquittal if tried separately or that more evidence will be introduced against his co-defendants than him. *United States v. Michel*, 588 F.2d 986, 1003 (5th Cir. 1979); *see also United States v. Pofahl*, 990 F.2d 1456, 1483 (5th Cir. 1993) ("[W]e have held that a quantitative disparity in the evidence is clearly insufficient in itself to justify severance."). Likewise, Hennessey "is not entitled to a severance merely because the evidence against a codefendant is more damaging than the evidence against [him]." *United States v. Ramirez*, 145 F.3d 345, 354 (5th Cir. 1998). Hennessey's absence from particular episodes in the conspiracy also does not mandate severance. *Pofahl*, 990 F.3d at 1483 (5th Cir. 1993).

Hennessey contends that he would be unfairly prejudiced in a joint trial due to the spillover effect of both the quantity and quality of evidence against his co-defendants, which would preclude the jury from making an individualized assessment of his guilt. Hennessey's attempt to minimize his role in this offense is belied by the alleged facts and the evidence that will be introduced at trial. As the Government briefed in response to Hennessey's first Motion to Sever, Dkt. 365, Hennessey was a central participant in the conspiracy. *See* Dkt. 377 at 2-5. For example, Hennessey was the ringleader of one of the executions of the pump-and-dump scheme concerning the stock SURF, as charged in Count 10 of the Superseding Indictment, which involved co-defendants Gary Deel and Tom Cooperman. The manner and means of this execution of the

scheme to defraud was replicated across the pump-and-dump of multiple other stocks by members of the conspiracy. Thus, the evidence introduced at trial against Hennessey's co-defendants will not result in an extreme disparity in its quantity or quality. Any spillover effect will be minimal at trial, and the "mere presence of a spillover effect does not ordinarily warrant severance." *McCord*, 33 F.3d at 1452.

But even if more damaging and more abundant evidence is presented against Hennessey's co-defendants than him, severance is not the proper means of confining spillover evidence. The Fifth Circuit has long held that the effect of spillover or cumulation evidence can be cured through instructions to the jury to consider each offense separately and each defendant individually. *United States v. Morrow*, 537 F.2d 120, 136 (5th Cir. 1976) ("The pernicious effect of cumulation, however, is best avoided by precise instructions to the jury on the admissibility and proper uses of the evidence introduced by the Government."); *United States v. Piaget*, 915 F.2d 138, 142 (5th Cir. 1990) ("This court has said that the effect of spill over evidence is best avoided by precise instructions to the jury. Such instructions obviate the spill over effect."); *United States v. Rocha*, 916 F.2d 219, 228 (5th Cir. 1990) ("This Court has stated that when one conspiracy exists, severance is not required, even where the quantum and nature of the proof in each case is different, so long as the trial court repeatedly gives cautionary instructions."). By properly instructing the jury, the Court can cure the possibility of any prejudice and enable "the jury to compartmentalize [the] evidence and prevent any spillover from tainting another [defendant's] case." *See United States v. Arzola-Amaya*, 867 F.2d 1504, 1516 (5th Cir. 1989).

Hennessey has not shown that the jury, if properly instructed by the Court, will nevertheless be unable to make individualized assessments of guilt or separate the evidence and properly apply it only to the defendants against whom it was offered. Nor has Hennessey shown that a joint trial

would include evidence admissible against only certain defendants. For instance, even the Government exhibits Hennessey argues would result in impermissible prejudice, Government Exhibits 1 and 7P, he fails to demonstrate why these exhibits are inadmissible as to him. This is because where, as here, the Government charges a single conspiracy, "much of the evidence introduced ultimately bears, at least indirectly, on the agreement of the co-conspirators" and once the existence of the conspiracy is established, "the same evidence used to convict a particular defendant is admissible against all co-defendants shown to be members of the conspiracy." *Morrow*, 537 F.2d at 136. While this Court is tasked with protecting against undue prejudice, it need not "protect conspirators from evidence of their confederates' acts in furtherance of their common illegal aims." *United States v. Manges*, 110 F.3d 1162, 1174-75 (5th Cir. 1997). Moreover, instead of the drastic measure of severance, the proper remedy to address exhibits that are admissible only against certain, but not all, defendants is a limiting instruction to the jury by the Court. Likewise, severance is not the appropriate remedy if Hennessey is challenging these exhibits under Rule 403 of the Federal Rules of Evidence. Under the circumstances, Hennessey has not shown that a joint trial would result in severe and compelling prejudice that this Court cannot protect against, and his attempt to sever this trial in order to exclude relevant evidence of the central conspiracy (with which he is charged as a member of) should be rejected.

Finally, any prejudice that cannot be cured by the Court's limiting instructions would not outweigh the burden of trying this case more than once. As the Supreme Court has noted, joint trials play a "vital role" in the criminal justice system, as they promote efficiency and "serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts." *Zafiro*, 506 U.S. at 537. Severing Hennessey from the trial of his co-defendants would undermine these goals and result in a waste of judicial and prosecutorial resources. Separate trials would require duplicative

testimony from many witnesses, such as expert witnesses and victims, and duplicative documentary evidence, such as messages between the defendants and brokerage records. This is especially true because Hennessey is charged in a single conspiracy with each co-defendant. *See, e.g.*, *United States v. Franklin*, 148 F.3d 451, 457 (5th Cir. 1998) ("The utility of a joint trial is particularly compelling here, as the defendants were charged with a single conspiracy so that the government could be expected to recite a single factual history, put on a single array of evidence, and call a single group of witnesses."). Because the Court can limit any potential spillover effect through its instructions to the jury and the interest in judicial economy outweighs any prejudice from a joint trial, the Court should deny Hennessey's motion.

## CONCLUSION

For the foregoing reasons, joinder is proper under Rule 8(b) and severance is not warranted under Rule 14(a). The Court should deny Hennessey's Motion to Sever and allow this matter to proceed to trial as scheduled.

Dated: November 23, 2026

Respectfully submitted,

LORINDA I. LARYEA, Chief
White Collar and Corporate Enforcement Section
Criminal Division, U.S. Department of Justice

By: */s/ Kashan Pathan*
Kashan Pathan
Kyle Crawford
Trial Attorneys
Public Trust & Financial Integrity Section
National Fraud Enforcement Division
United States Department of Justice
1400 New York Ave. NW
Washington, DC 20005
Tel.: (202) 514-8804

**CERTIFICATE OF SERVICE**

I hereby certify that on November 23, 2026, I will cause the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system.

*/s/ Kashan Pathan*
Kashan Pathan, Trial Attorney
U.S. Department of Justice